## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Advanta Credit Card Receivables Corp. | ) | Case No. 09-14127 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered under |
| | ) | Case No. 09-13931 (KJC) |
| | ) | |

## <u>DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS</u>

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 11 |
| Advanta Corp., *et al.*,[1] | ) |
| | ) Case No. 09-13931 (KJC) |
| Debtors. | ) |
| | ) Jointly Administered |
| | ) |

**GLOBAL NOTES AND STATEMENT OF
LIMITATIONS, METHODOLOGY AND DISCLAIMER
REGARDING THE DEBTORS' SCHEDULES OF ASSETS
AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Advanta Corp. and certain of its affiliates, as debtors and debtors in possession in the above captioned chapter 11 cases (the "Debtors") have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements," and collectively with the "Schedules," the "Schedules and Statements") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors, with the assistance of their advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Schedules and Statements were prepared by management of the Debtors and are unaudited.

Philip M. Browne has signed each set of the Schedules and Statements for the following Debtors: Advanta Corp., Advanta Investment Corp., Advanta Business Services Holding Corp., Advanta Business Services Corp., Advanta Shared Services Corp., Advanta Service Corp., Advanta Advertising Inc., Advantennis Corp., Advanta Mortgage Holding Company, Advanta

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each U.S. Debtors' federal tax identification number (if any), include:  Advanta Corp. (2070); Advanta Investment Corp. (5627); Advanta Business Services Holding Corp. (4047); Advanta Business Services Corp. (3786); Advanta Shared Services Corp. (7074); Advanta Service Corp. (5625); Advanta Advertising Inc. (0186); Advantennis Corp. (2355); Advanta Mortgage Holding Company (5221); Advanta Auto Finance Corporation (6077); Advanta Mortgage Corp. USA (2654); Advanta Finance Corp. (8991); Great Expectations International Inc. (0440); Great Expectations Franchise Corp. (3326); Great Expectations Management Corp. (3328), Advanta Ventures Inc. (5127); BizEquity Corp. (8960); IdeaBlob Corp. (0726); and Advanta Credit Card Receivables Corp. (7955). Each of the Debtors (other than Advanta Credit Card Receivables Corp. and the Great Expectations entities) maintains its principal corporate office at Welsh & McKean Roads, P.O. Box 844, Spring House, PA 19477-0844.  Advanta Credit Card Receivables Corp. maintains its principal corporate office at 2215 B. Renaissance Drive, Suite 5 Las Vegas, NV 89119, and the Great Expectations entities maintain their principal corporate office at 1209 Orange Street, Wilmington, DE 19801.

Auto Finance Corporation, Advanta Mortgage Corp. USA, Advanta Finance Corp., Great Expectations Franchise Corp., Great Expectations Management Corp., Advanta Ventures Inc., BizEquity Corp., and IdeaBlob Corp.  Mr. Browne serves as the Director, Senior Vice President, and Chief Financial Officer for the aforementioned Debtors.  Liane Browne has signed the Schedules and Statements for Advanta Credit Card Receivables Corp.  Ms. Browne serves as the Vice President and Secretary for Advanta Credit Card Receivables Corp.  Jay A. Dubow has signed the Schedules and Statements for Great Expectations International Inc.  Mr. Dubow serves as the Secretary for Great Expectations International Inc.  In reviewing and signing the Schedules and Statements, Mr. Browne, Mr. Dubow and Ms. Browne have necessarily relied upon the efforts, statements and representations of various personnel of the Debtors. Mr. Browne, Mr. Dubow and Ms. Browne have not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

The Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of *all* of the Schedules and Statements.  The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.[2]

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of each Debtor.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.  The Schedules and Statements reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.  The Schedules and Statements remain subject to further review and verification by the Debtors.  Subsequent information may result in material changes.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation.  While those members of management responsible for preparation of the Schedules and Statements have made reasonable efforts to ensure that the Schedules and Statements are accurate and complete based upon information known to them at the time of preparation after reasonable inquiries, inadvertent errors or omissions may exist and/or the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and Statements which may warrant amendment of the same.  The Debtors reserve their right to amend their Schedules and Statements from time to time as may be necessary or appropriate.

---

[2]    The Global Notes are in addition to the specific notes contained in each Debtor's Schedules and Statements. The fact that the Debtors have prepared a "specific note" with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' remaining Schedules and Statements.

Nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including, without limitation, any issues involving substantive consolidation, equitable subordination, defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant applicable laws to recover assets or avoid transfers.

**Description of Cases**.  On November 8, 2009 (the "Original Petition Date") and November 20, 2009 (the "Subsequent Petition Date")[3], collectively (the "Petition Dates"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code under case numbers 09-13931, 09-13932, 09-13933, 09-13934, 09-13935, 09-13936, 09-13937, 09-13938, 09-13939, 09-13940, 09-13941, 09-13942, 09-13943, 09-13944, 09-13945, 09-14125, 09-14127, 09-14129, 09-14130.  The cases were consolidated for procedural purposes only under Case No. 09-13931. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On November 10, 2009, an order was entered directing joint administration of these chapter 11 cases.  Each Debtor's fiscal year ends on December 31.  In addition, on November 24, 2009, an order was entered directing that all orders that had been entered previous to the Subsequent Petition Date be made applicable to the Debtors who filed on the Subsequent Petition Date.  All asset information contained in the Schedules and Statements, except where otherwise noted, is reported as of the close of business on the Petition Dates for each respective Debtor. All liability information contained in the Schedules and Statements are reported as of the best available pre-petition information.

**Recharacterization**.  Notwithstanding that the Debtors have made reasonable best efforts to correctly characterize, classify, categorize or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized or designated certain items.  Thus, the Debtors reserve all rights to recharacterize, reclassify, recategorize or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

**Basis of Presentation**.  For financial reporting purposes, the Debtors generally prepare consolidated financial statements, which include financial information for all subsidiaries and affiliates (including the Debtors, the "Company"), which in the past have been audited annually. Unlike the consolidated financial information included in the Company's audited financial statements, the Schedules and Statements reflect the assets and liabilities of each Debtor based on their unaudited books and tax records.  Each Debtor generally maintains its accounting records in accordance with GAAP used in the United States.  However, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP.

**Liabilities**.  The Debtors allocated liabilities between the pre-petition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is

---

3    The following entities filed voluntary petitions on this date: Advanta Ventures Inc., BizEquity Corp., Ideablob Corp., and Advanta Credit Card Receivables Corp.

conducted, the allocation of liabilities between the pre-petition and post-petition periods may change. The Debtors reserve all rights to modify, amend and supplement the Schedules and Statements as is necessary and appropriate.

Pursuant to orders of the Bankruptcy Court, the Debtors have been granted authority to pay, in their own discretion, certain pre-petition obligations to employees, taxing authorities, potential lienholders, and certain customers of the Debtors. As further indicated below, in the case of certain taxing authorities, the Debtors' investigation regarding the validity of such claims is ongoing, and certain claims for which the Debtors may ultimately determine they have no liability have been scheduled as "contingent" claims.

The liabilities listed on these Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

**Debtors.** Each Debtor's Schedules and Statements were prepared using the assets and liabilities of that Debtor pursuant to that Debtor's accounting records.

**Reporting Date**. Except as otherwise noted, the Debtors' Schedules and Statements are prepared as of the close of business on the Petition Dates. In some instances, the Debtors have used estimates where actual data as of the Petition Dates were not available.

**Insiders**. For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as (a) directors; (b) officers; (c) partners; (d) general partners; (e) relatives of directors, officers, or partners of the Debtors; and (f) debtor/non-debtor affiliates. Payments to Debtor/non-Debtor affiliates are represented as the net change in the intercompany balance line items of the general ledger over a period of approximately one year.

**Intercompany Claims**. Any and all receivables and payables among the Debtors in these chapter 11 cases and their affiliates (each an "Intercompany Receivable" or "Intercompany Payable" and, collectively, the "Intercompany Claims") are reported on Schedule B and Schedule F, respectively. The listing of these amounts is not and shall not be construed as an admission of the characterization of such balances, as debt, equity or otherwise.

**Executory Contracts**. The Debtors have not set forth executory contracts as assets on Schedule B. The Debtors' executory contracts have been set forth on Schedule G.

**Classifications**. Listing a claim (1) on Schedule D as "secured," (2) on Schedule E as "priority," (3) on Schedule F as "unsecured," or (4) listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

**Claims Description**. While the Debtors have made every effort to properly classify each claim listed in the Schedules and SOFAs as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors'

obligations to same.   Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated."   The Debtors reserve all rights to dispute any claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability, classification or to otherwise subsequently designate such claims as "disputed," "contingent" or "unliquidated."   Moreover, the Debtors reserve the right to amend their Schedules and Statements as necessary and appropriate.

**Causes of Action**.   Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements.   The Debtors reserve all rights with respect to any causes of action and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action.

      1.     Summary of Significant Reporting Policies.   The following is a summary of significant reporting policies:

      (a)     Currency.   All amounts are reflected in U.S. dollars.

      (b)     Undetermined Amounts.   The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

      (c)     Totals.   All totals that are included in the Schedules and Statements represent totals of all known amounts.   To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

      (d)     Current Market Value - Net Book Value.   Current market valuations are neither maintained by, nor readily available to, the Debtors. Accordingly, the Debtors' Schedules and Statements reflect net book values.   Market values may vary, at some times materially, from net book value.   Also, assets that have been fully depreciated or that were expensed for accounting purposes do not appear in these Schedules and Statements as they have no net book value.

      (e)     Paid Claims.   The Debtors have authority to pay certain outstanding pre-petition payables pursuant to a Bankruptcy Court order. Accordingly, outstanding liabilities have been reduced by any Bankruptcy Court approved post-petition payments made on pre-petition payables.   To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or take other action, such as filing claims objections, as is necessary and appropriate to avoid over payment or duplicate payments for liabilities.

(f)    <u>Excluded Assets and Liabilities</u>.  The Debtors have excluded the following categories of assets and liabilities from the Schedules and Statements: goodwill; and accrued liabilities including, but not limited to, accrued salaries and employee benefits, tax accruals and accrued accounts payable.  Other immaterial assets and liabilities may also have been excluded.

(g)    <u>Liens</u>.  The inventories, property and equipment listed in the Schedules and Statements are presented without consideration of any liens.

2.    <u>Specific Schedules and Statements Disclosures</u>

(a)    <u>Schedule B2</u>.  The Debtors have relied on bank statements to list the bank account balances as of the respective Petition Dates, for amounts related to checking, savings and other financial accounts.

(b)    <u>Schedule B5</u>.  The value of the artwork as represented in the general ledger at cost.

(c)    <u>Schedules B13 & B14</u>.  Ownership interests in subsidiaries, partnerships and joint ventures have been listed in these Schedules at an undetermined amount because the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from the net book value.

(d)    <u>Schedule B16</u>.  The Debtors have listed accounts receivable balances at net book balances as of the Petition Dates.  The amounts reflected herein may not be collectible.

(e)    <u>Schedule D</u>.  Except as otherwise agreed pursuant to a written agreement, stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D.  Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.  The descriptions provided in Schedule D are intended only to be a summary.

The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

(f)    <u>Schedule E</u>.  The Debtors have authority to pay certain pre-petition obligations including payment of employee wages and other employee

benefits in the ordinary course of business pursuant to the interim Order (A) Authorizing the Debtors to (i) Pay Certain Employee Compensation and Benefits and (ii) Maintain and Continue Such Benefits and Other Employee-Related Programs and (B) Authorizing the Debtors' Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations (the "Employee Wages Order") [Docket No. 23]. Pursuant to such Employee Wages Order, the Debtors believe that any employee claims for pre-petition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been or will be satisfied, and such satisfied amounts are not listed on Schedule E.

(g)     Schedule F. Schedule F contains information regarding threatened or pending litigation involving the Debtors. The amounts for these potential claims are listed as "undetermined" and marked as contingent, unliquidated and disputed in the Schedules and Statements.

Schedule F reflects the pre-petition amounts owing to certain counterparties to executory contracts and unexpired leases. Schedule F does not include rejection damages claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

The claims of individual creditors for, among other things, merchandise, goods, services or taxes are listed on the Debtors' books and records and may not reflect credits or allowances due from such creditor. The Debtors reserve all of their rights respecting such credits and allowances. The dollar amounts listed may be exclusive of contingent and unliquidated amounts.

The RediReserve and Investment Notes are represented as an aggregated amount owed to The Bank of New York Mellon, as indenture trustee under the Investment Note Indenture and 8.99% Indenture (both as defined in the Rosoff Declaration). Amounts owed to each individual Note Holder are not set forth herein.

(h)     Schedule G. While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Dates or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of

first refusal and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth separately on Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

(i)     Schedule H.  For purposes of Schedule H, only the agents under the pre-petition credit facilities or counterparties which are the subject to a guaranty are listed as Co-Debtors on Schedule H.  The Debtors have not listed any litigation related Co-Debtors on Schedule H.  Instead, all such listings can be found on the Debtors' Schedule F and Statement 4a.

(j)     Statement Questions 3b and 3c.  Receipts and disbursements are made through a centralized and consolidated cash management system. Payments made are listed by the entity making such payment notwithstanding that certain payments have been made on behalf of another entity.  As such, only certain Debtors include a response to Statements questions 3b and 3c.

(k)     Statement Question 14.  Property of employees and property of debtor and non-debtor affiliates has not been listed in the Statements Question 14; these items include, but are not limited to, office equipment and supplies, automobiles, and art or other collections.

(l)     Statement Question 19(d).  At the end of each of its fiscal quarters, fiscal years and upon the occurrence of significant events, the Debtors prepared and filed with the Securities and Exchange Commission (the "SEC") Forms 10-K, 10-Q and 8-K (collectively, the "SEC Filings"). The SEC Filings contain financial information relating to the Debtors. Because the SEC Filings are public record, the Debtors do not maintain records of the parties who requested or obtained copies of any of the SEC Filings from the SEC or the Debtors. In addition, the Debtors provide certain parties, such as banks, auditors, potential investors, vendors, customers and financial advisors, financial statements that may not be part of a public filing. The Debtors do not maintain complete lists to track such disclosures. As such, the Debtors have not provided lists of these parties in the Statements.

**<u>Global Notes Control</u>**.  In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

***END OF GLOBAL NOTES***

**SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE**

B7 (Official Form 7) (12/07)

# UNITED STATES BANKRUPTCY COURT

_____   **DISTRICT OF**   Delaware   _____

In re:   Advanta Credit Card Receivables Corp.   ,        Case No.   09-147127 (KJC)   _____
_____Debtor_____                              _____(if known)_____

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."   Do not disclose the child's name.   See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

_____

### 1.    Income from employment or operation of business

None

☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

2

In re:    Advanta Credit Card Receivables Corp.                    Case No.    09-147127 (KJC)

| AMOUNT | SOURCE |
|---|---|
| $80,213.62 | 2007-INSURANCE REVENUES, NET |
| $2,397,053.56 | 2007-INTERCHANGE INCOME |
| $7,793,665.73 | 2007-INTEREST INCOME |
| $113,933.66 | 2008-INSURANCE REVENUES, NET |
| $3,630,821.24 | 2008-INTERCHANGE INCOME |
| $20,216,012.26 | 2008-INTEREST INCOME |
| $86,369.21 | 2009   THROUGH NOVEMBER 20, 2009-INSURANCE REVENUES, NET |
| $1,142,931.15 | 2009   THROUGH NOVEMBER 20, 2009-INTERCHANGE INCOME |
| $11,933,376.18 | 2009   THROUGH NOVEMBER 20, 2009-INTEREST INCOME |
| $1,120,501.22 | 2007-OTHER NONINTEREST REVENUE |
| $1,445,822.94 | 2008-OTHER NONINTEREST REVENUE |
| $388,513.38 | 2009   THROUGH NOVEMBER 20, 2009-OTHER NONINTEREST REVENUE |

_____

**2.    Income other than from employment or operation of business**

None

[X]

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                          SOURCE

_____

**3.    Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None

[ ]

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Not Applicable | | | |

_____

3

In re:   Advanta Credit Card Receivables Corp.                    Case No.     09-147127 (KJC)

None  b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made
☒     within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that
      constitutes or is affected by such transfer is less than $5,475. (Married debtors filing under chapter 12 or chapter 13
      must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the
      spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

_____

None  c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or
☐     for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must
      include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated
      and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| SEE ATTACHED RIDER 3C | | | |

_____

**4.    Suits and administrative proceedings, executions, garnishments and attachments**

None  a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately
☒     preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include
      information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated
      and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

_____

None  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one
☒     year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13
      must include information concerning property of either or both spouses whether or not a joint petition is filed, unless
      the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

_____

4

In re:    Advanta Credit Card Receivables Corp.                    Case No.    09-147127 (KJC)

---

**5.    Repossessions, foreclosures and returns**

None


List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  | DATE OF REPOSSESSION, | DESCRIPTION |
| NAME AND ADDRESS | FORECLOSURE SALE, | AND VALUE OF |
| OF CREDITOR OR SELLER | TRANSFER OR RETURN | PROPERTY |

---

**6.    Assignments and receiverships**

None


a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  |  | TERMS OF |
| NAME AND ADDRESS | DATE OF | ASSIGNMENT |
| OF ASSIGNEE | ASSIGNMENT | OR SETTLEMENT |

---

None


b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  | NAME AND LOCATION |  | DESCRIPTION |
| NAME AND ADDRESS | OF COURT |  | AND VALUE |
| OF CUSTODIAN | CASE TITLE & NUMBER | DATE OF ORDER | OF PROPERTY |

---

**7.    Gifts**

None

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  | RELATIONSHIP |  | DESCRIPTION |
| NAME AND ADDRESS | TO DEBTOR, |  | AND VALUE |
| OF PERSON | IF ANY | DATE | OF GIFT |
| OR ORGANIZATION |  | OF GIFT |  |

In re:   Advanta Credit Card Receivables Corp.                Case No.    09-147127 (KJC)

5

---

**8.    Losses**

None

☒    List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.**   (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

**9.    Payments related to debt counseling or bankruptcy**

None

☐    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

SEE RESPONSE TO QUESTION 9 OF THE STATEMENTS OF FINANCIAL AFFAIRS FOR ADVANTA CORP.

---

**10.    Other transfers**

None

☐    a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| ADVANTA CORP. | 05/31/2009 | $3,718,510.79 CASH RETURN OF CAPITAL |

AS PART OF THE DEBTORS' LIQUIDITY MANAGEMENT, THEY REGULARLY BUY AND SELL INVESTMENTS (U.S. TREASURY SECURITIES, AGENCY SECURITIES, MONEY MARKET FUNDS, OTHER SECURITIES). THESE INVESTMENT SALES ARE NOT INCLUDED AS TRANSFERS IN THE LIST ABOVE.

---

None

☒    b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

6

In re:   Advanta Credit Card Receivables Corp.                Case No.    09-147127 (KJC)

---

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11.   Closed financial accounts**

None
☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

---

**12.   Safe deposit boxes**

None
☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

**13.   Setoffs**

None
☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

7

In re:   Advanta Credit Card Receivables Corp.                    Case No.    09-147127 (KJC)

---

**14.   Property held for another person**

None    List all property owned by another person that the debtor holds or controls.
☐

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |

SEE GLOBAL NOTES
_____

**15.   Prior address of debtor**

None    If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises
☒       which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is
        filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |

_____

**16.   Spouses and Former Spouses**

None    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona,
☐       California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight
        years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any
        former spouse who resides or resided with the debtor in the community property state.

NAME

Not Applicable
_____

**17.   Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases
of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium,
including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or
formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous
material, pollutant, or contaminant or similar term under an Environmental Law.
_____

None    a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit
☒       that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental
        unit, the date of the notice, and, if known, the Environmental Law:

In re:   Advanta Credit Card Receivables Corp.                    Case No.    09-147127 (KJC)

---

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

_____

None
☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

_____

None
☒

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

_____

### 18.    Nature, location and name of business

None
☒

a. *If the debtor is an individual,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

In re:   Advanta Credit Card Receivables Corp.                    Case No.    09-147127 (KJC)

_____

---

None      b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11
☐         U.S.C. § 101.


              NAME                                          ADDRESS

          Not Applicable

---

    The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

    *(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19.   Books, records and financial statements**

None      a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy
☐         case kept or supervised the keeping of books of account and records of the debtor.


              NAME AND ADDRESS                          DATES SERVICES RENDERED

          BROWNE, PHIL                                 11/2007-PRESENT
          WELSH & MCKEAN ROADS
          PO BOX 844
          SPRING HOUSE, PA 19477

          MULLIN, JAMES                                11/2007-PRESENT
          WELSH & MCKEAN ROADS
          PO BOX 844
          SPRING HOUSE, PA 19477

          WILSON, CATHY                                11/2007-PRESENT
          WELSH & MCKEAN ROADS
          PO BOX 844
          SPRING HOUSE, PA 19477

          WEINSTOCK, DAVID                             11/2007-9/2009
          WELSH & MCKEAN ROADS
          PO BOX 844
          SPRING HOUSE, PA 19477

---

In re:  Advanta Credit Card Receivables Corp.                     Case No.     09-147127 (KJC)

---

None ☐   b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|---------|-------------------------|
| KPMG | 1601 MARKET STREET PHILADELPHIA, PA 19103 | 2007 AND 2008 AUDIT |

---

None ☐   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|---------|
| MULLIN, JAMES | WELSH & MCKEAN ROADS, P.O. BOX 844, SPRING HOUSE, PA 19477-0844 |
| WILSON, CATHY | WELSH & MCKEAN ROADS, P.O. BOX 844, SPRING HOUSE, PA 19477-0844 |

---

None ☐   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------------------|-------------|
| SEE GLOBAL NOTES | |

---

**20.  Inventories**

None ☒   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|-------------------|----------------------|------------------------------------------------------------------|

---

None ☐   b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

11

In re:   Advanta Credit Card Receivables Corp.                    Case No.    09-147127 (KJC)

|                          | DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|--------------------------|-------------------|------------------------------------------------------|

Not Applicable

_____

**21.   Current Partners, Officers, Directors and Shareholders**

None ☐   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|------------------|--------------------|------------------------|

Not Applicable

_____

None ☐   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|------------------|-------|-------------------------------------------|
| ADVANTA CORP. WELSH & MCKEAN ROADS SPRING HOUSE, PA 19477-0844 | COMMON STOCK | 100% |
| BROWNE, LIANE 2215 B. RENAISSANCE DRIVE SUITE 5 LAS VEGAS, NV 89119 | VICE PRESIDENT AND SECRETARY | N/A |
| COCO, MICHAEL 2215 B. RENAISSANCE DRIVE SUITE 5 LAS VEGAS, NV 89119 | DIRECTOR AND PRESIDENT | N/A |
| EPPES, KRISTINE 2215 B. RENAISSANCE DRIVE SUITE 5 LAS VEGAS, NV 89119 | DIRECTOR, VP AND ASSISTANT SECRETARY | N/A |
| GIUSTI, SUSAN 2215 B. RENAISSANCE DRIVE SUITE 5 LAS VEGAS, NV 89119 | ASSISTANT SECRETARY | N/A |
| PEOPLES, BETH C/O ADVANTA CREDIT CARD RECEIVABLES CORP. 2215 B. RENAISSANCE DRIVE SUITE 5 LAS VEGAS, NV 89119 | DIRECTOR | N/A |

_____

**22.   Former partners, officers, directors and shareholders**

In re:   Advanta Credit Card Receivables Corp.                    Case No.      09-147127 (KJC)

None
☐
a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|
| Not Applicable | | |

None
☐
b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|
| MCVEIGH, SUSAN<br>WELSH & MCKEAN ROADS<br>SPRING HOUSE, PA 19477-0844 | DIRECTOR, VP & TREASURER | 07/24/2009 |
| WEINSTOCK, DAVID B.<br>WELSH & MCKEAN ROADS<br>SPRING HOUSE, PA 19477-0844 | DIRECTOR, VP & CHIEF<br>ACCOUNTING OFFICER | 09/01/2009 |

**23.    Withdrawals from a partnership or distributions by a corporation**

None
☐
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS<br>OF RECIPIENT,<br>RELATIONSHIP TO DEBTOR | DATE AND PURPOSE<br>OF WITHDRAWAL | AMOUNT OF MONEY<br>OR DESCRIPTION<br>AND VALUE OF PROPERTY |
|---|---|---|
| SEE ANSWER TO 3C | | |

**24.    Tax Consolidation Group.**

None
☐
If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|----------------------------|--------------------------------------|
| ADVANTA CORP. | 23-1462070 |

**25.    Pension Funds.**

13

In re:   Advanta Credit Card Receivables Corp.                    Case No.    09-147127 (KJC)

---

None
☒

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                    TAXPAYER-IDENTIFICATION NUMBER (EIN)

_____

\*    \*    \*    \*    \*
\*

In re: Advanta Credit Card Receivables Corp.                                    Case No. 09-14127 (KJC)

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____    Signature
                                          of Debtor _____


                                          Signature of
                                          Joint Debtor
Date _____    (if any)    _____


*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date    1/25/2010 _____    Signature  *Liane Browne*

                                          Print Name
                                          And Title    Liane Browne - Vice President and Secretary

                    [An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

                    ___ continuation sheets attached

            *Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*


**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.


_____              _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer         Social-Security No. (Required by 11 U.S.C. § 110.)


*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*


_____
Address


_____              _____
Signature of Bankruptcy Petition Preparer         Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

**In re: Advanta Credit Card Receivables Corp.**                                        **Case No. 09-14127 (KJC)**

**SOFA 3C**
**INTERCOMPANY LOANS***

| TRANSFEREE NAME | 2008 | 2009 | NET TRANSFERS |
|---|---|---|---|
| ADVANTA CORP. - INTERCOMPANY ACCRUED INTEREST - NOTE | $-91,825.45 | $-3,647.43 | $88,178.02 |
| ADVANTA CORP. - INTERCOMPANY NOTE | $-66,727,146.87 | $-40,402,302.59 | $26,324,844.28 |
| **TOTAL** | **$-66,818,972.32** | **$-40,405,950.02** | **$26,413,022.30** |

*PAYMENTS TO DEBTOR/NON-DEBTOR AFFILIATES ARE REPRESENTED AS THE NET CHANGE IN THE INTERCOMPANY BALANCE LINE ITEMS OF THE GENERAL LEDGER OVER A PERIOD OF APPROXIMATELY ONE YEAR.