IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------x
*In re*                                                          :  Chapter 11
                                                                 :
                                                                 :  Case No. 09-13931 (KJC)
ADVANTA CORP., *et al.*,                                         :
                                                                 :  (Jointly Administered)
            Debtors.[1]                                          :
                                                                 :  Hearing: March 3, 2010 at 10:00 a.m..
----------------------------------------------------------------x   Objection deadline: February 24, 2010 at 4:00 p.m.

## DEBTORS' MOTION TO EXTEND EXCLUSIVE PERIODS FOR THE FILING OF A CHAPTER 11 PLAN AND SOLICITATION OF ACCEPTANCES THERETO

Advanta Corp. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "***Debtors***"), respectfully represent:

### Relief Requested

1. By this Motion, the Debtors request, pursuant to section 1121(d) of title 11 of the United States Code (the "***Bankruptcy Code***"), extensions of the initial exclusive periods

---

[1] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Advanta Corp. (2070), Advanta Investment Corp. (5627), Advanta Business Services Holding Corp. (4047), Advanta Business Services Corp. (3786), Advanta Shared Services Corp. (7074), Advanta Service Corp. (5625), Advanta Advertising Inc. (0186), Advantennis Corp. (2355), Advanta Mortgage Holding Company (5221), Advanta Auto Finance Corporation (6077), Advanta Mortgage Corp. USA (2654), Advanta Finance Corp. (8991), Advanta Ventures Inc. (5127), BizEquity Corp. (8960), Ideablob Corp. (0726), Advanta Credit Card Receivables Corp. (7955), Great Expectations International Inc. (0440), Great Expectations Franchise Corp. (3326), and Great Expectations Management Corp. (3328). Each of the Debtors (other than Advanta Credit Card Receivables Corp. and the Great Expectations entities) maintains its principal corporate office at Welsh & McKean Roads, P.O. Box 844, Spring House, Pennsylvania 19477-0844. Advanta Credit Card Receivables Corp. maintains its principal corporate office at 2215 B. Renaissance Drive, Suite 5, Las Vegas, Nevada 89119, and the Great Expectations entities maintain their principal corporate office at 1209 Orange Street, Wilmington, Delaware 19801. Additional information regarding the Debtors' businesses and the background relating to events leading up to these chapter 11 cases can be found in (i) the Declaration of William A. Rosoff in Support of the Debtors' Chapter 11 Petitions and First-Day Motions, filed on November 8, 2009, (the "***Rosoff Declaration***"), the date the majority of Debtors filed their petitions (the "***Commencement Date***") under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"), and (ii) that certain supplement thereto, filed on November 20, 2009, the date Advanta Ventures Inc., BizEquity Corp., Ideablob Corp. and Advanta Credit Card Receivables Corp. filed their chapter 11 cases (the "***Second Commencement Date***", and together with the Commencement Date, the "***Commencement Dates***"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Further, in accordance with an order of this Court, the Debtors' cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

for the Debtors' filing of a chapter 11 plan and solicitation of acceptances thereof by an additional 90 days – i.e., to June 7, 2010 and August 5, 2010, respectively.[2] Currently, the Debtors' exclusive period for the filing of a chapter 11 plan expires on March 8, 2010, and the Debtors' exclusive period for solicitation of acceptances thereof expires on May 7, 2010. The Debtors submit that the proposed 90-day extension of the exclusive periods is justified and appropriate under the circumstances. A proposed order is attached hereto as Exhibit A.

## Extension of Exclusive Periods

2. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to propose and file a chapter 11 plan (the "***Plan Period***"). *See* 11 U.S.C. § 1121(b). Section 1121(c)(3) of the Bankruptcy Code provides that if a debtor files a plan within the 120-day Plan Period, it has a period of 180 days after the commencement of the case to obtain acceptance of such plan, during which time competing plans may not be filed (the "***Solicitation Period***" and together with the Plan Period, the "***Exclusive Periods***"). *See id.* at § 1121(c)(3). Pursuant to section 1121(d) of the Bankruptcy Code, where the initial 120-day and 180-day Exclusive Periods provided for in the Bankruptcy Code prove to be insufficient time for proposal and solicitation of a plan, the Court may extend a debtor's Exclusive Periods for cause. *See id.* at § 1121(d).

3. The Bankruptcy Code neither defines the term "cause" for purposes of section 1121(d) nor establishes formal criteria for an extension. The legislative history indicates, however, that it is intended to be a flexible standard to balance the competing interests of a

---

[2] This request is without prejudice to the Debtors' rights to seek a further extension of exclusive periods or for other parties to challenge such request or seek to terminate the Debtors' exclusive periods, prior to such dates.

debtor and its creditors. *See* H.R. Rep. No. 95-595, at 231-32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787 (noting that Congress intended to give bankruptcy courts flexibility to protect a debtor's interests by allowing unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

4. In determining whether cause exists to extend the Exclusive Periods, a court may consider a variety of factors to assess the totality of circumstances in each case. *See In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (identifying the factors used by courts to determine whether cause exists to extend exclusivity); *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996). Those factors include, without limitation:

   (a) the size and complexity of the debtor's case;

   (b) the existence of good-faith progress towards reorganization;

   (c) a finding that the debtor is not seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands;

   (d) existence of an unresolved contingency; and

   (e) the fact that the debtor is paying its bills as they come due.

*See e.g., In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); *In re McLean Indus., Inc.*, 87 B.R. at 834 (citations omitted); *accord In re Express One Int'l, Inc.*, 194 B.R. at 100 (identifying four of the five above-quoted factors, among others, as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.C. 1986) (holding that the debtor showed "cause" to extend its exclusivity period based upon certain of above-quoted factors).

5. Moreover, the fact that a debtor may propose a liquidating, as opposed to a reorganizing, plan should not negatively impact its ability to retain the exclusive right to file a

plan. Courts in this District and other districts have, on numerous occasions, granted extensions of the Exclusive Periods in liquidating chapter 11 cases. *See e.g., In re ProtoStar Ltd.*, Case No. 09-12659 (MFW) (Bankr. D. Del. December 17, 2009) (granting Debtors' first request for an extension of the exclusive periods); *In re Washington Mutual, Inc.*, Case No. 08-12229 (MFW) (Bankr. D. Del. November 20, 2009) (granting Debtors' fourth request for an extension of the exclusive periods); *In re Stone Barn Manhattan, LLC*, Case No. 08-12579 (ALG) (Bankr. S.D.N.Y. July 16, 2009) (granting Debtors' third request for an extension of exclusive periods); *In re Sharper Image Corp.*, Case No. 08-10322 (KG) (granting Debtors' first request for an extension of the exclusive periods); *In re American Home Mortgage Holdings, Inc.*, Case No. 07-11666(KG) (Bankr. D. Del. November 24, 2008) (granting Debtors' fourth request for an extension of exclusive periods).

6. The primary objective of a chapter 11 case is the formulation, confirmation, and consummation of a consensual chapter 11 plan. The Exclusive Periods are intended to afford a debtor a full and fair opportunity to propose a consensual plan and solicit acceptances of such plan without the deterioration and disruption that is likely to be caused by the filing of competing plans by non-debtor parties.

7. Here, the Debtors seek a 90 day extension of the Exclusive Periods. Application of the aforementioned standards to the facts of these chapter 11 cases demonstrates sufficient "cause" to grant the Debtors' requested extension of the Exclusive Periods so that they may have a full and fair opportunity to propose a consensual plan and to solicit acceptances thereof.

## The Debtors have Demonstrated Cause for an Extension of Exclusivity

### A. *These Cases Are Large and Complex*

8. Both Congress and the courts have recognized the size and complexity of a debtor's case alone may constitute cause for the extension of a debtor's exclusive period to file a plan and the period to solicit acceptances of such a plan. "[I]f an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement." H.R. Rep. No. 95-595, at 232 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787. In *In re Texaco Inc.*, the court stated:

> The large size of a debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods.

*In re Texaco, Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987).

9. The size and complexity of these cases warrant an extension of the Exclusive Periods. The Debtors have recently announced that they plan on liquidating and winding down their operations. In order to maximize recoveries for all parties in interest, the Debtors require sufficient time to evaluate their assets and liabilities, which include a plethora of contractual engagements, complicated tax issues, and issues relating to the Debtors' non-debtor regulated banking subsidiaries, all while winding down operations in an orderly fashion. Moreover, the Debtors need additional time to evaluate inter-company claims and transactions and potential causes of actions held by the estates.

10. While the Debtors believe significant value can be recovered from their assets, the process of analyzing, marketing, and soliciting bids for their assets is highly involved. The filing of a chapter 11 plan at this juncture would be premature and disruptive of the wind-down and sale processes. Although these processes have just recently begun in earnest, they are

already yielding additional recoveries for creditors and other parties in interest. Accordingly, the Exclusive Periods should be extended to prevent any disruption of the Debtors' wind-down and sale processes.

**B.** *Substantial Good Faith Progress Has Been Demonstrated*

11. Extension of a debtor's exclusive period to file a plan and the period to solicit acceptances thereto are justified by progress in the resolution of issues facing the debtor's estate. *See e.g., In re Serv. Merch. Co., Inc.*, 256 B.R. 744, 753-54 (Bankr. M.D. Tenn. 2000); *In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996); *In re McLean Indus. Inc.*, 87 B.R. at 835; *In re Texaco, Inc.*, 76 B.R. at 327.

12. In less than four months since the commencement of these chapter 11 cases, the Debtors have made significant strides in both protecting their assets as well as recovering substantial value for creditors. In addition, the Debtors have been working diligently to terminate unprofitable executory contracts, and to plan and execute sales of their assets in order to both realize value and reduce liabilities.

13. Moreover, throughout the initial four months, the Debtors have made every effort to keep creditors apprised of developments and are conducting regular meetings and conferences with the official committee of unsecured creditors appointed in these chapter 11 cases (the "***Committee***"). Additionally, the Debtors have already (i) filed their schedules of assets and liabilities and statements of financial affairs, and (ii) delivered to the Committee a working draft of the business plan for the liquidation. The Debtors and Committee are currently negotiating the terms of the liquidating business plan and expect to work together to formulate a consensual chapter 11 plan.

14. The Debtors' progress on these crucial issues in this short period of time justifies the requested extension of the Exclusive Periods.

## C. *Substantial Contingencies Remain; The Debtors Have Been Paying Bills as They Become Due*

15. As previously noted, the Debtors must resolve and/or complete analysis of a variety of issues before they can file a chapter 11 plan that will maximize refunds to creditors. Since the commencement of these cases, the Debtors have been paying their bills as they generally become due. No party in interest will be harmed by the extensions.

16. In summary, the Debtors submit that extension of the Exclusive Periods will increase the likelihood of a greater distribution to the Debtors' stakeholders by facilitating an orderly, efficient and cost-effective plan process for the benefit of all creditors and permit the Debtors to continue to work with the Committee to formulate a consensual chapter 11 plan. Termination of the Exclusive Periods, on the other hand, could give rise to the threat of multiple plans and a contentious confirmation process resulting in increased administrative expenses and consequently diminishing returns to the Debtors' creditors. Moreover, it could significantly delay, if not completely undermine, the Debtors' ability to confirm any plan in these cases. Accordingly, the Debtors request that the Court extend the Exclusive Periods as provided herein.

## Jurisdiction

17. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Notice

18. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion will be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) Bank of New York Mellon as trustee under the Investment Note Indenture (as defined in the Rosoff Declaration); (iv) Law Debenture

Trust Company of New York as successor trustee under the 8.99% Indenture (as defined in the Rosoff Declaration); and (v) those parties who have requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "*Notice Parties*"). The Debtors respectfully submit that no further notice of this Motion is required.

### No Previous Request

19. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: February 12, 2010
       Wilmington, Delaware

                                                  /s/ Zachary Shapiro
                                                  Mark D. Collins (No. 2981)
                                                  Paul N. Heath (No. 3704)
                                                  Chun I. Jang (No. 4790)
                                                  Zachary I. Shapiro (No. 5103)
                                                  RICHARDS, LAYTON & FINGER, P.A.
                                                  One Rodney Square
                                                  920 North King Street
                                                  Wilmington, Delaware 19801
                                                  Telephone: (302) 651-7700
                                                  Facsimile: (302) 651-7701

                                                  - and -

                                                  WEIL, GOTSHAL & MANGES LLP
                                                  Marcia L. Goldstein
                                                  Robert J. Lemons
                                                  767 Fifth Avenue
                                                  New York, NY 10153
                                                  Telephone: (212) 310-8000
                                                  Facsimile: (212) 310-8007

                                                  ATTORNEYS FOR
                                                  DEBTORS AND DEBTORS IN
                                                  POSSESSION