# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
---------------------------------------------------------------x
```
|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| ADVANTA CORP., *et al.*, | : | Case No. 09-13931 (KJC) |
|  | : |  |
| Debtors.[1] | : | (Jointly Administered) |
|  | : |  |
```
---------------------------------------------------------------x
```

## FIRST MONTHLY APPLICATION OF WEIL, GOTSHAL & MANGES LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION <u>FOR THE PERIOD FROM NOVEMBER 8, 2009 THROUGH DECEMBER 31, 2009</u>

---

[1] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Advanta Corp. (2070), Advanta Investment Corp. (5627), Advanta Business Services Holding Corp. (4047), Advanta Business Services Corp. (3786), Advanta Shared Services Corp. (7074), Advanta Service Corp. (5625), Advanta Advertising Inc. (0186), Advantennis Corp. (2355), Advanta Mortgage Holding Company (5221), Advanta Auto Finance Corporation (6077), Advanta Mortgage Corp. USA (2654), Advanta Finance Corp. (8991), Advanta Ventures Inc. (5127), BizEquity Corp. (8960), Ideablob Corp. (0726), Advanta Credit Card Receivables Corp. (7955), Great Expectations International Inc. (0440), Great Expectations Franchise Corp. (3326), and Great Expectations Management Corp. (3328). Each of the Debtors (other than Advanta Credit Card Receivables Corp. and the Great Expectations entities) maintains its principal corporate office at Welsh & McKean Roads, P.O. Box 844, Spring House, Pennsylvania 19477. Advanta Credit Card Receivables Corp. maintains its principal corporate office at 2215 B. Renaissance Drive, Suite 5, Las Vegas, Nevada 89119, and the Great Expectations entities maintain their principal corporate office at 1209 Orange Street, Wilmington, Delaware 19801. Additional information regarding the Debtors' businesses and the background relating to events leading up to these chapter 11 cases can be found in (i) the Declaration of William A. Rosoff in Support of the Debtors' Chapter 11 Petitions and First-Day Motions, filed on November 8, 2009 (the "***Rosoff Declaration***"), the date the majority of Debtors filed their petitions under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"), and (ii) that certain supplement thereto, filed on November 20, 2009, the date Advanta Ventures Inc., BizEquity Corp., Ideablob Corp. and Advanta Credit Card Receivables Corp. filed their chapter 11 cases. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Further, in accordance with an order of this Court, the Debtors' cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

| | |
|---|---|
| Name of Applicant: | Weil, Gotshal & Manges LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | December 3, 2009 *nunc pro tunc* to November 8, 2009 |
| Period for which compensation and reimbursement are sought: | November 8, 2009 through December 31, 2009 |
| Amount of compensation sought for allowance as actual, reasonable, and necessary: | $412,697.75 (80% is $330,158.20) |
| Amount of expense reimbursement sought for allowance as actual, reasonable, and necessary: | $10,438.72 |

This is a(n): _X_ monthly  ___ interim  ___  final application

Prior Applications Filed: **None**

## COMPENSATION BY PROFESSIONAL
## NOVEMBER 8, 2009 THROUGH DECEMBER 31, 2009

| NAME OF PROFESSIONAL PERSON<br><br>PARTNERS & COUNSEL: | DEPARTMENT AND YEAR ADMITTED[2]<br><br>Year of Obtaining License to Practice, Area of Expertise | HOURLY BILLING RATE[3] | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| **Partner** | | | | |
| Marcia L. Goldstein | BFR - 1976 | $950.00 | 27.40 | $ 26,030.00 |
| Simeon Gold | CORP - 1974 | $925.00 | 35.20 | $ 32,560.00 |
| Robert L. Messineo | CORP - 1979 | $925.00 | 1.20 | $ 1,110.00 |
| Stuart J. Goldring | TAX - 1984 | $900.00 | 3.20 | $ 2,880.00 |
| Michael K. Kam | TAX - 1987 | $875.00 | 4.40 | $ 3,850.00 |
| Frank P. Nocco | CORP - 1989 | $875.00 | 15.50 | $ 13,562.50 |
| Matthew Bloch | CORP - 1986 | $850.00 | 7.00 | $ 5,950.00 |
| John J. Dedyo | CORP - 1989 | $850.00 | 3.30 | $ 2,805.00 |
| Miranda S. Schiller | LR - 1989 | $825.00 | 4.90 | $ 4,042.50 |
| Walter E. Zalenski | LR - 1985 | $790.00 | 19.40 | $ 15,326.00 |
| Nicholas J. Pappas | LR - 1989 | $790.00 | 3.50 | $ 2,765.00 |
| Robert J. Lemons | BFR - 2001 | $725.00 | 87.40 | $ 62,313.75 |
| Steven M. Margolis | TAX - 1990 | $700.00 | 42.20 | $ 29,540.00 |
| Paul A. Ferrillo | LR - 1989 | $700.00 | 4.90 | $ 3,430.00 |
| **Total Partners and Counsel** | | | 259.5 | $206,164.75 |

---

[2]      BFR – Business Finance & Restructuring, CORP – Corporate, LR – Litigation/Regulatory, TAX – Tax, LIBR – Library.

[3]      Pursuant to Del. Bankr. L.R. 2016-2(d)(viii), travel time during which no work is performed is billed at 50% of regular hourly rates. In compliance with this rule, Mr. Lemons had 2.9 hours of working travel billed at $362.50, Ms. Vron had 4.1 hours of working travel billed at $270.00, and Mr. Jordan had 4.3 hours of working travel billed at $270.00.

| NAME OF PROFESSIONAL<br><br>ASSOCIATES: | DEPARTMENT AND YEAR ADMITTED[2]<br><br>Year of Obtaining License to Practice, Area of Expertise | HOURLY BILLING RATE[3] | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| Caroline S. Coursant | TAX - 2003 | $580.00 | 11.40 | $6,612.00 |
| Vaughan Petherbridge | CORP - 2001 | $580.00 | 23.60 | $13,688.00 |
| Max A. Goodman | TAX - 2004 | $580.00 | 5.20 | $3,016.00 |
| Victoria Vron | BFR - 2004 | $540.00 | 49.20 | $25,461.00 |
| Robert F. Jordan | BFR - 2004 | $540.00 | 79.30 | $41,661.00 |
| Patricia   Wencelblat | LR - 2006 | $500.00 | 11.00 | $5,500.00 |
| Joshua   Pohl | TAX - 2007 | $465.00 | 5.50 | $2,557.50 |
| David N. Griffiths | BFR - 2007 | $415.00 | 84.20 | $34,943.00 |
| Jose R. Alcantar | BFR - 2008 | $415.00 | 35.90 | $14,898.50 |
| Jennifer N. Ganesh | BFR – Admission Pending | $355.00 | 115.70 | $41,073.50 |
| Jonathan L. Sagot | CORP - 2008 | $355.00 | 13.30 | $4,721.50 |
| Matthew M. Spritz | LR - 2009 | $355.00 | 11.00 | $3,905.00 |
| **Total Associates** | | | 445.3 | $198,037.00 |

| NAME OF PROFESSIONAL<br><br>Paralegals, Clerks, Library Staff, and Other Non-Legal Staff: | DEPARTMENT<br><br>Position of the Applicant, Area of Expertise | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| Kaitlin C. Prindle | BFR | $180.00 | 47.20 | $8,496.00 |
| **Total Paraprofessionals** | | | 47.20 | $8,496.00 |

US_ACTIVE:\43291109\07\78221.0007

| PROFESSIONALS          | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|------------------------|-------------:|-------------------:|-------------------:|
| TOTALS:                |              |                    |                    |
| Partners and Counsel   | $794.47      | 259.5              | $206,164.75        |
| Associates             | $445.73      | 259.5              | $206,164.75        |
| Paraprofessionals      | $178.66      | 47.2               | $412,329.50        |
| **Blended Attorney Rate** | $573.50   |                    |                    |
| **Total Fees Incurred**   |           | 752.0              | $412,697.75        |

US_ACTIVE:\43291109\07\78221.0007

## COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD
## NOVEMBER 8, 2009 THROUGH DECEMBER 31, 2009

| TASK CODE | PROJECT DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 002 | Asset Dispositions / 363 Sales | 4.60 | $2058.50 |
| 003 | Automatic Stay / Adequate Protection | 36.10 | $11,924.50 |
| 004 | Bar Date Motion and Claims | 86.50 | $83.00 |
| 005 | Case Administration | 10.60 | $7,436.50 |
| 006 | Client Communications | 36.80 | $5,461.00 |
| 007 | Committee Issues / Meetings / Communications | 17.80 | $25,774.50 |
| 009 | Customer / Vendor / Creditor Issues | 89.20 | $9,476.00 |
| 011 | Employee / ERISA / Benefits Issues | 18.70 | $57,402.50 |
| 014 | General Business Operations | 69.30 | $32,068.50 |
| 015 | General Case Strategy / Internal Communications & Meetings | 120.80 | $44,915.50 |
| 016 | General Corporate Issues / Corporate Governance | 32.20 | $84,347.50 |
| 017 | Hearings, Hearing Preparation and Court Matters | 16.40 | $19,740.00 |
| 018 | Insurance & Workers Comp Issues | 22.40 | $8,937.50 |
| 021 | Non-Bankruptcy Litigation | 11.30 | $14,641.50 |
| 022 | Non-Working Travel | 50.80 | $3,319.25 |
| 024 | Real Property / Contract / 365 Issue | 32.00 | $24,807.00 |
| 026 | Retention/ Fee Applications / Billing: WG&M | 25.80 | $7,730.00 |
| 027 | Retention / Fee Applications: Ordinary Course Professionals | 18.80 | $12,252.00 |
| 028 | Retention / Fee Applications: Other Professionals | 10.50 | $7,755.00 |
| 029 | Schedules / Statement of Financial Affairs MOR's | 16.70 | $11,527.00 |
| 030 | Tax Issues | 4.70 | $10,885.00 |
| 031 | U.S. Trustee Communications | 20.00 | $2,980.50 |
| 032 | Utility Issues | **752.00** | $7,175.00 |
| | **TOTAL** | | **$412,697.75** |

## EXPENSE SUMMARY FOR THE PERIOD
## NOVEMBER 8, 2009 THROUGH DECEMBER 31, 2009

| EXPENSES | AMOUNTS |
|---|---:|
| Travel/Transportation | $1,322.35 |
| Meals | $1,164.81 |
| Postage | $99.40 |
| Document Processing | $28.40 |
| Duplicating & Document Scanning | $372.80 |
| Courier / Express Mail | $10.92 |
| Computerized Research | $7,355.04 |
| Clipping Service/SEC Watch | $85.00 |
| **Total Expenses Requested:** | **$10,438.7210,438.72** |

US_ACTIVE:\43291109\07\78221.0007

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------x

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| ADVANTA CORP., *et al.*, | : | Case No. 09-13931 (KJC) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

----------------------------------------------------------------x

## FIRST MONTHLY APPLICATION OF WEIL, GOTSHAL & MANGES LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM NOVEMBER 8, 2009 THROUGH DECEMBER 31, 2009

Pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016,

Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "***Local Rules***"), the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

---

[1] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Advanta Corp. (2070), Advanta Investment Corp. (5627), Advanta Business Services Holding Corp. (4047), Advanta Business Services Corp. (3786), Advanta Shared Services Corp. (7074), Advanta Service Corp. (5625), Advanta Advertising Inc. (0186), Advantennis Corp. (2355), Advanta Mortgage Holding Company (5221), Advanta Auto Finance Corporation (6077), Advanta Mortgage Corp. USA (2654), Advanta Finance Corp. (8991), Advanta Ventures Inc. (5127), BizEquity Corp. (8960), Ideablob Corp. (0726), Advanta Credit Card Receivables Corp. (7955), Great Expectations International Inc. (0440), Great Expectations Franchise Corp. (3326), and Great Expectations Management Corp. (3328). Each of the Debtors (other than Advanta Credit Card Receivables Corp. and the Great Expectations entities) maintains its principal corporate office at Welsh & McKean Roads, P.O. Box 844, Spring House, Pennsylvania 19477. Advanta Credit Card Receivables Corp. maintains its principal corporate office at 2215 B. Renaissance Drive, Suite 5, Las Vegas, Nevada 89119, and the Great Expectations entities maintain their principal corporate office at 1209 Orange Street, Wilmington, Delaware 19801. Additional information regarding the Debtors' businesses and the background relating to events leading up to these chapter 11 cases can be found in (i) the Declaration of William A. Rosoff in Support of the Debtors' Chapter 11 Petitions and First-Day Motions, filed on November 8, 2009, the date the majority of Debtors filed their petitions under chapter 11 of the Bankruptcy Code, and (ii) that certain supplement thereto, filed on November 20, 2009, the date Advanta Ventures Inc., BizEquity Corp., Ideablob Corp. and Advanta Credit Card Receivables Corp. filed their chapter 11 cases. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Further, in accordance with an order of this Court, the Debtors' cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

Under 11 U.S.C. § 330 issued by the Executive Office for United States Trustees (the "*Guidelines*"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 125] (the "*Interim Compensation Order*"), Weil, Gotshal & Manges LLP ("*WG&M*") hereby files this First Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Period from November 8, 2009 through December 31, 2009 (the "*Application*"). By this Application, WG&M seeks allowance of $412,697.75 as compensation and $10,438.72 for reimbursement of actual and necessary expenses incurred for the period November 8, 2009 through December 31, 2009 (the "*Compensation Period*").[2] In support of this Application, WG&M respectfully represents as follows:

## Preliminary Statement

1.      Through the efforts of WG&M professionals and paraprofessionals, the debtors in the above captioned cases (the "*Debtors*") have worked to stabilize their business, preserve value, and institute procedures to streamline the chapter 11 process, all while working with the statutory committee of unsecured creditors and other parties in interest. Over the course of November and December 2009, WG&M, among other things, (i) secured critical first-day relief for the Debtors; (ii) obtained chapter 11 protection and first-day relief for additional debtor-affiliates; (iii) advised the Debtors in non-bankruptcy litigations; (iv) worked with the Debtors to preserve value; and (v) performed all of the other professional services described in this Application.

---

[2]  Pursuant to the Interim Compensation Order, at this time WG&M seeks payment of only 80% of the total compensation for the Compensation Period, totaling $330,158.20, and 100% of the expenses incurred during the Compensation Period in the amount of $10,438.72.

## Background

2.     On November 8, 2009 (the "**_Commencement Date_**"), the majority of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3.     Pursuant to the Order Authorizing the Employment and Retention of Weil, Gotshal & Manges LLP as Attorneys for the Debtors, Nunc Pro Tunc to the Commencement Date [Docket No. 104] (the "**_Retention Order_**"), WG&M was retained as counsel to the Debtors effective as of the Commencement Date and shall be paid in accordance with the Order Implementing Certain Procedures for the Interim Compensation and Reimbursement of Professionals [Docket No. 102] (the "**_Interim Compensation Order_**") and the Order Appointing Fee Auditor and Establishing Related Procedures Concerning the Payment of Compensation and Reimbursement of Expenses of Professionals and Members of Official Committees and Consideration of Fee Applications [Docket No. 249] (the "**_Fee Auditor Order_**"). The Retention Order authorized WG&M to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 330 and 331 of the Bankruptcy Code.

4.     Similarly, by order dated December 3, 2009 [Docket No. 103], the Court approved the employment and retention of Richards, Layton & Finger, P.A. ("**_RL&F_**") as co-counsel for the Debtors. WG&M and RL&F have divided responsibilities regarding representation of the Debtors and have made every effort to avoid or minimize unnecessary duplication of efforts in these chapter 11 cases.

## Summary of Professional Compensation
## and Reimbursement of Expenses Requested

5.     All services for which compensation is requested by WG&M were performed for or on behalf of the Debtors.

6.     Except to the extent of the fee advance paid to WG&M as described in the

application seeking approval of WG&M's employment by the Debtors, during the period covered by this Application WG&M has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between WG&M and any other person other than the members of WG&M for the sharing of compensation to be received for services rendered in these cases.

7.     The fees charged by WG&M in these cases are billed in accordance with WG&M's existing billing rates and procedures in effect during the Compensation Period. The rates WG&M charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases are the same rates WG&M charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters. Such fees are reasonably based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

8.     WG&M maintains computerized records of the time spent by all WG&M attorneys and paraprofessionals in connection with its representation of the Debtors. Subject to redaction where necessary to preserve the attorney-client privilege, annexed hereto as Exhibit A are copies of WG&M's itemized time records for professionals and paraprofessionals who performed services for the Debtors during the Compensation Period. All entries itemized in WG&M's time records comply with the requirements set forth in Local Rule 2016-2 and the Guidelines, including the use of separate work codes for different project types, as hereinafter described.

9.     Itemized records of expenses incurred by WG&M during the Compensation Period are attached hereto as Exhibit B. All entries itemized in WG&M's

expense records comply with the requirements set forth in Local Rule 2016-2 and the Guidelines.

## Summary of Services by Project

10.     The following is a summary of the significant professional services rendered by WG&M during the Compensation Period. This summary is organized in accordance with the internal system of work codes set up by WG&M at the outset of these chapter 11 cases. These categories are generally described below, with a more detailed identification of the actual services provided set forth on Exhibit A. The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in Exhibit A. Only those work codes for which five (5) or more hours of work was performed during the Compensation Period are listed below.

   a.     Automatic Stay / Adequate Protection (Task Code 003)
          Fees: $11,924.50; Hours: 24.90

Prepare automatic stay violation letters and notify numerous counterparties regarding automatic stay violations.

   b.     Case Administration (Task Code 005)
          Fees: $7,436.50; Hours: 28.20

Attend to day-to-day administration of the chapter 11 cases, including reviewing and communicating about pending issues, conducting general document review, preparing and responding to pleadings not addressed under other task codes, maintaining case calendars, contact lists and work-in-progress lists and circulating recently filed pleadings and legal cases.

   c.     Client Communications (Task Code 006)
          Fees: $5,461.00; Hours: 8.60

Meetings and other communications among WG&M attorneys and the Debtors relating to overall case strategy, status, and pending issues.

d.  Committee Issues / Meetings / Communications (Task Code 007)
       Fees: $25,774.50; Hours: 36.90

Attend Creditors' Committee meetings, and communicate and coordinate with the

Creditors' Committees' professionals regarding case developments.

   e.  Customer / Vendor / Creditor Issues (Task Code 009)
       Fees: $9,476.00; Hours: 17.80

Discuss noteholder issues internally and with the Debtors and answer numerous

noteholder inquiries regarding the Debtors' chapter 11 cases.

   f.  Employee / ERISA / (Task Code 011)
       Fees: $57,402.50; Hours: 91.30

Obtain order authorizing Debtors to (i) pay certain employee compensation and

benefits and (ii) maintain and continue such benefits and other employee-related programs.

Review, analyze and advise Debtors with respect to employee benefits and obligations, ESOP

issues, impact of bankruptcy filing on employees, and related issues and conduct research in

connection with same.  Assist Debtors with communications with employees regarding

bankruptcy.

   g.  General Business Operations (Task Code 014)
       Fees: $32,068.50; Hours: 50.40

Meetings and other communications among WG&M attorneys and the Debtors

regarding first-day pleadings and general operational issues.

   h.  General Case Strategy /
       Internal Communications & Meetings (Task Code 015)
       Fees: $44,915.50; Hours: 82.90

Meetings and other communications among WG&M attorneys and

paraprofessionals, Alvarez & Marsal, RL&F, and other professionals, as well as the Debtors,

relating to overall case strategy, status, and pending issues.

i.  General Corporate Issues / Corporate Governance (Task Code 016)
    Fees: $84,347.50; Hours: 124.60

Participate in board meetings and related conference calls to advise board on

corporate governance issues. Analyze and revise board resolutions. Review and analyze issues

relating to the Debtors' SEC reporting requirements.

j.  Hearings and Court Matters (Task Code 017)
    Fees: $19,740.00; Hours: 32.70

Preparation of materials for, meetings related to, and participation in court

hearings.

k.  Insurance & Workers Comp Issues (Task Code 018)
    Fees: $8,937.50; Hours: 18.10

Numerous meetings and discussions internally and with Debtors regarding scope

of insurance programs and related issues.

l.  Non-Bankruptcy Litigation (Task Code 021)
    Fees: $14,641.50; Hours: 22.40

Internal strategy meetings and discussions regarding numerous non-bankruptcy

matters and class actions. Draft 9019 settlement motion regarding use of "Advanta Solutions"

name. Prepare suggestions of bankruptcy for various non-bankruptcy proceedings.

m.  Non-Working Travel (Task Code 022)
    Fees: $3,319.25; Hours: 11.30

Travel time not otherwise chargeable, which is billed at 50% of regular hourly

rates, pursuant to Local Rule 2016-2(d)(viii).

n.  Real Property / Contract / 365 Issues (Task Code 024)
    Fees: $24,807.00; Hours: 52.20

Matters relating to, without limitation, real property leases, intellectual property

licenses, and the assumption and rejection of executory contracts.

o.   Retention / Fee Applications / Billing : WGM (Task Code 026)
     Fees: $7,730.00; Hours: 32.00

Time spent preparing WG&M's retention application and reviewing WG&M's

November and December billing detail for compliance with Local Rules and U.S. Trustee

guidelines.

p.   Retention /
     Fee Application: Ordinary Course Professionals (Task Code 027)
     Fees: $12,252.00; Hours: 25.80

Time spent assisting ordinary course professionals for the Debtors with the

preparation and filing of their retention applications, and reviewing such retention applications.

q.   Retention / Fee Applications / Billing : Other Professionals (Task Code 028)
     Fees: $7,755.00; Hours: 18.80

Time spent assisting the Debtors' professionals with the preparation and filing of

their retention applications, and reviewing such retention applications.

r.   Schedules / Statement of Financial Affairs / MORs (Task Code 029)
     Fees: $11,527.00; Hours: 25.00

Time spent assisting the Debtors with preparing Schedules and Statements of

Financial Affairs and preparing the Debtors' first monthly operating report.

s.   Utility Issues (Task Code 032)
     Fees: $7,175.00; Hours: 20.00

Review and analyze adequate assurance payment requests.  Respond to inquiries

from utility companies and negotiate regarding adequate assurance.

11.     The foregoing professional services performed by WG&M were

(a) necessary and appropriate to the administration of the Debtors' chapter 11 cases, (b) in the

best interests of the Debtors and their estates, and (c) provided without unnecessary duplication

of effort or expense incurred by professionals and paraprofessionals employed by RL&F.

12.     Compensation for the foregoing services as requested is commensurate

with the complexity, importance, and nature of the problems, issues, or tasks involved. The professional services were performed with expedition and in an efficient manner.

13. A significant percentage of services performed by members, counsel, and associates of WG&M were rendered by the Business Finance and Restructuring Department. WG&M has a preeminent practice in this area and enjoys a national reputation for its expertise in financial reorganizations and restructurings of troubled entities, with approximately 80 attorneys specializing in this area of law. WG&M has been actively involved in major chapter 11 cases, and currently represents or has represented, among others, the following debtors: General Motors Corporation; Lehman Brothers Holdings Inc.; Enron Corp.; Pilgrim's Pride Corporation; BearingPoint, Inc.; SemGroup L.P.; Extended Stay Inc.; Magna Entertainment Group; Finlay Enterprises, Inc.; LandSource Communities Development LLC; Vertis Holdings, Inc.; PRC, LLC; Charys Holding Co., Inc. and Crochet & Borel Services, Inc.; Sharper Image Corporation; Silicon Graphics, Inc.; Atkins Nutritionals, Inc.; Footstar, Inc.; New World Pasta Company; Parmalat USA Corp.; Loral Space & Communications Ltd.; TL Administration Corporation; Republic Engineered Product Holdings; WestPoint Stevens Inc.; Worldcom, Inc.; and Adelphia Business Solutions, Inc. As a consequence, WG&M brings to these cases a high level of expertise and experience that inures to the benefit of the Debtors and all parties in interest.

14. Professional services performed by WG&M on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 752.00 recorded hours by WG&M's members, counsel, associates, and paraprofessionals. Of the aggregate time expended, 259.50 recorded hours were expended by partners and counsel of WG&M, 445.30 recorded hours were expended by associates, and 47.2 recorded hours were expended by paraprofessionals of WG&M.

15.     During the Compensation Period, WG&M's hourly billing rates for attorneys ranged from $355 to $950 per hour.  Allowance of compensation in the amount requested would result in a blended hourly rate for attorneys of approximately $548.80 (based on 752.00 recorded hours at WG&M's regular billing rates in effect at the time of the performance of services).[3]

### Actual and Necessary Disbursements of WG&M

16.     Annexed hereto as Exhibit B are WGM's itemized records detailing expenses incurred on behalf of the Debtors during the Compensation Period.  WG&M requests allowance of actual and necessary expenses incurred by WG&M during the Compensation Period in the aggregate amount of $10,438.72.

17.     WG&M's disbursement policies pass through out of pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine.  For example, with respect to duplication charges, WG&M will charge $.10 per page because the actual cost is difficult to determine.  Similarly, as it relates to computerized research, WG&M believes that it does not make a profit on that service as a whole although the cost of any particular search is difficult to ascertain.  Other reimbursable expenses (whether the service is performed by WG&M in-house or through a third party vendor) include, but are not limited to, facsimiles, toll calls, overtime, overtime meals, deliveries, court costs, cost of food at meetings, transcript fees, travel, and clerk fees.  Notably, WG&M charges all of its clients $1.00/page for out-going facsimile transmissions and does not charge its clients for incoming facsimile transmissions, and all travel expenses are billed at coach fare rates.

### Reservation

---

[3] The blended attorney rate was calculated by dividing total attorney compensation of $412,697.75 by total attorney hours billed of 752.00.

18.     To the extent time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, or WG&M has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, WG&M reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## Notice

19.     No trustee or examiner has been appointed in these chapter 11 cases. Pursuant to the Interim Compensation Order and the Fee Auditor Order, notice of this Application will be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) Warran H. Smith & Associates, P.C. as the fee auditor appointed in these chapter 11 cases and (iii) counsel to the official committee of unsecured creditors. The Debtors respectfully submit that no further notice of this Application is required.

## Conclusion

WHEREFORE WG&M respectfully requests (i) allowance of compensation for professional services rendered to the Debtors during the Compensation Period in the amount of $412,697.75 (80% of which equals $330,158.20) and reimbursement for actual and necessary costs and expenses incurred by WG&M during the Compensation Period in the amount of $10,438.72, for a total of $418,119.72, (ii) that, in accordance with the Interim Compensation Order, the Court direct the Debtors to pay WG&M $340,596.92, representing 80% of the total amount of fees and 100% of the expenses allowed, (iii) that the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to WG&M's right to seek such further compensation for the full value of services performed and expenses incurred, and (iv) that the Court grant WG&M such other and further relief as is just.

Dated: Wilmington, Delaware
March 19, 2010

Marcia L. Goldstein
Robert J. Lemons
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR
DEBTORS AND DEBTORS IN
POSSESSION

## VERIFICATION

STATE OF NEW YORK      )
                                 ) SS:
COUNTY OF NEW YORK    )

        Robert J. Lemons, after being duly sworn according to law, deposes and says as follows:

        (a) I am a member with the applicant firm, Weil, Gotshal & Manges LLP, and have been admitted *pro hac vice* to appear before this Court.

        (b) I have personally performed many of the legal services rendered by Weil, Gotshal & Manges LLP, as counsel to the Debtors,[1] and am thoroughly familiar with the other work performed on behalf of the Debtors by the lawyers in the firm.

        (c) I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed the applicable section of the Bankruptcy Rules, Local Rule 2016-2, and the Guidelines, and submit that the Application substantially complies with such rule.

Robert J. Lemons, Esq.

SWORN TO AND SUBSCRIBED
before me this 19th day of March, 2010.

Notary Public
My Commission Expires:

JOANNE C. PFLAUM
Notary Public - State of New York
No. 4848238
Qualified in Nassau County
My Commission Expires: 9/30/13

---

[1] Capitalized terms not defined herein have the meaning ascribed to such terms in the Application.