UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------x
                                              :
*In re*                                       :    Chapter 11
                                              :
ADVANTA CORP., *et al.*,                      :    Case No. 09-13931 (KJC)
                                              :
            Debtors.[1]                       :    (Jointly Administered)
                                              :
----------------------------------------------------------------x

## SECOND MONTHLY APPLICATION OF WEIL, GOTSHAL & MANGES LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM JANUARY 1, 2010 THROUGH JANUARY 31, 2010

---

[1] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Advanta Corp. (2070), Advanta Investment Corp. (5627), Advanta Business Services Holding Corp. (4047), Advanta Business Services Corp. (3786), Advanta Shared Services Corp. (7074), Advanta Service Corp. (5625), Advanta Advertising Inc. (0186), Advantennis Corp. (2355), Advanta Mortgage Holding Company (5221), Advanta Auto Finance Corporation (6077), Advanta Mortgage Corp. USA (2654), Advanta Finance Corp. (8991), Advanta Ventures Inc. (5127), BizEquity Corp. (8960), Ideablob Corp. (0726), Advanta Credit Card Receivables Corp. (7955), Great Expectations International Inc. (0440), Great Expectations Franchise Corp. (3326), and Great Expectations Management Corp. (3328). Each of the Debtors (other than Advanta Credit Card Receivables Corp. and the Great Expectations entities) maintains its principal corporate office at Welsh & McKean Roads, P.O. Box 844, Spring House, Pennsylvania 19477. Advanta Credit Card Receivables Corp. maintains its principal corporate office at 2215 B. Renaissance Drive, Suite 5, Las Vegas, Nevada 89119, and the Great Expectations entities maintain their principal corporate office at 1209 Orange Street, Wilmington, Delaware 19801. Additional information regarding the Debtors' businesses and the background relating to events leading up to these chapter 11 cases can be found in (i) the Declaration of William A. Rosoff in Support of the Debtors' Chapter 11 Petitions and First-Day Motions, filed on November 8, 2009 (the "***Rosoff Declaration***"), the date the majority of Debtors filed their petitions under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"), and (ii) that certain supplement thereto, filed on November 20, 2009, the date Advanta Ventures Inc., BizEquity Corp., Ideablob Corp. and Advanta Credit Card Receivables Corp. filed their chapter 11 cases. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Further, in accordance with an order of this Court, the Debtors' cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

| | |
|---|---|
| Name of Applicant: | Weil, Gotshal & Manges LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | December 3, 2009 *nunc pro tunc* to November 8, 2009 |
| Period for which compensation and reimbursement are sought: | January 1, 2010 through January 31, 2010 |
| Amount of compensation sought for allowance as actual, reasonable, and necessary: | $394,392.00 (80% is $315,513.60) |
| Amount of expense reimbursement sought for allowance as actual, reasonable, and necessary: | $4,513.70 |

This is a(n): _X_ monthly ___ interim ___ final application

Prior Applications Filed: November 8, 2009- December 31, 2010 [Docket No. 345]

# COMPENSATION BY PROFESSIONAL
## JANUARY 1, 2010 THROUGH JANUARY 31, 2010

| NAME OF PROFESSIONAL PERSON<br><br>PARTNERS & COUNSEL: | DEPARTMENT AND YEAR ADMITTED[2]<br><br>Year of Obtaining License to Practice, Area of Expertise | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| **Partner** | | | | |
| Marcia L. Goldstein | BFR - 1976 | $990.00 | 22.90 | $ 22,671.00 |
| Simeon Gold | CORP - 1974 | $990.00 | 12.30 | $ 12,177.00 |
| Stuart J. Goldring | TAX - 1984 | $990.00 | 24.20 | $23,958.00 |
| Martin Pollack | TAX - 1977 | $990.00 | 32.40 | $32,076.00 |
| Robert L. Messineo | CORP - 1979 | $950.00 | 20.40 | $ 19,380.00 |
| Frank P. Nocco | CORP - 1989 | $925.00 | 6.30 | $ 5,827.50 |
| Michael K. Kam | TAX - 1987 | $900.00 | 2.60 | $ 2,340.00 |
| Matthew Bloch | CORP - 1986 | $900.00 | 2.60 | $ 2,340.00 |
| John J. Dedyo | CORP - 1989 | $900.00 | 1.10 | $ 990.00 |
| Richard L. Levine | LR - 1984 | $885.00 | 2.70 | $2,389.50 |
| Miranda S. Schiller | LR - 1989 | $865.00 | 1.50 | $ 1,297.50 |
| Walter E. Zalenski | LR - 1985 | $845.00 | 7.50 | $ 6,337.50 |
| Robert J. Lemons | BFR - 2001 | $780.00 | 49.40 | $ 38,532.00 |
| Steven M. Margolis | TAX - 1990 | $720.00 | 32.60 | $ 23,472.00 |
| **Total Partners and Counsel** | | | **218.50** | **$193,788.00** |

---

[2] BFR – Business Finance & Restructuring, CORP – Corporate, LR – Litigation/Regulatory, TAX – Tax, LIBR – Library.

| NAME OF PROFESSIONAL<br><br>ASSOCIATES: | DEPARTMENT AND YEAR ADMITTED[2]<br><br>Year of Obtaining License to Practice, Area of Expertise | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| Caroline S. Coursant | TAX - 2003 | $665.00 | 16.20 | $10,773.00 |
| Vaughan Petherbridge | CORP - 2001 | $665.00 | 3.40 | $2,261.00 |
| Max A. Goodman | TAX - 2004 | $665.00 | 14.50 | $9,642.50 |
| Victoria Vron | BFR - 2004 | $630.00 | 84.00 | $52,920.00 |
| Joshua Pohl | TAX - 2007 | $550.00 | 27.50 | $15,125.00 |
| Haskell Murray | LR - Admission Pending | $550.00 | 6.80 | $3,740.00 |
| Alexander J. Swartz | CORP - 2008 | $550.00 | 4.00 | $2,200.00 |
| David N. Griffiths | BFR - 2007 | $515.00 | 20.70 | $10,660.50 |
| Jose R. Alcantar | BFR - 2008 | $515.00 | 54.10 | $27,861.50 |
| Audrey K. Susanin | CORP - 2008 | $515.00 | 7.20 | $3,708.00 |
| Kerianne Crooker | CORP - 2008 | $500.00 | 18.70 | $9,350.00 |
| Jennifer N. Ganesh | BFR – Admission Pending | $455.00 | 96.50 | $43,907.50 |
| Jonathan L. Sagot | CORP - 2008 | $455.00 | 6.00 | $2,730.00 |
| **Total Associates** | | | **359.60** | **$194,879.00** |

| NAME OF PROFESSIONAL<br><br>Paralegals, Clerks, Library Staff, and Other Non-Legal Staff: | DEPARTMENT<br><br>Position of the Applicant, Area of Expertise | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| Mel C. Maravilla | CORP | $225.00 | 5.00 | $1,125.00 |
| Kaitlin C. Prindle | BFR | $200.00 | 23.00 | $4,600.00 |
| **Total Paraprofessionals** | | | **28.00** | **$5,725.00** |

| PROFESSIONALS TOTALS: | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---:|---:|---:|
| Partners and Counsel | $886.91 | 218.50 | $193,788.00 |
| Associates | $541.93 | 359.60 | $193,788.00 |
| Paraprofessionals | $204.46 | 28.00 | $387,576.00 |
| **Blended Professional Rate** | **$650.70** | | |
| **Total Fees Incurred** | | **606.10** | **$394,392.00** |

## COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD
## JANUARY 1, 2010 THROUGH JANUARY 31, 2010

| TASK CODE | PROJECT DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 002 | Asset Dispositions / 363 Sales | 32.30 | $17,658.50 |
| 003 | Automatic Stay / Adequate Protection | 1.90 | $1,211.00 |
| 005 | Case Administration | 7.30 | $1,775.00 |
| 007 | Committee Issues / Meetings / Communications | 46.40 | $37,184.50 |
| 009 | Customer / Vendor / Creditor Issues | 1.10 | $605.00 |
| 011 | Employee / ERISA / Benefits Issues | 76.20 | $53,293.50 |
| 012 | Exclusivity | 0.10 | $63.00 |
| 015 | General Case Strategy / Internal Communications & Meetings | 72.00 | $54,602.50 |
| 016 | General Corporate Issues / Corporate Governance | 59.90 | $44,017.50 |
| 018 | Insurance & Workers Comp Issues | 21.70 | $9,873.50 |
| 021 | Non-Bankruptcy Litigation | 6.90 | $5,877.50 |
| 023 | Plan of Reorganization / Disclosure Statement / Solicitation / Voting | 13.20 | $9,444.50 |
| 024 | Real Property / Contract / 365 Issue | 22.60 | $12,107.50 |
| 026 | Retention/ Fee Applications / Billing: WG&M | 28.30 | $9,928.00 |
| 027 | Retention / Fee Applications: Ordinary Course Professionals | 11.40 | $5,983.00 |
| 028 | Retention / Fee Applications: Other Professionals | 1.70 | $969.50 |
| 029 | Schedules / Statement of Financial Affairs MOR's | 94.80 | $44,983.50 |
| 030 | Tax Issues | 107.90 | $84,632.50 |
| 032 | Utility Issues | 0.40 | $182.00 |
| | **TOTAL** | **606.10** | **$394,392.00** |

# EXPENSE SUMMARY FOR THE PERIOD
## JANUARY 1, 2010 THROUGH JANUARY 31, 2010

| EXPENSES | AMOUNTS |
|---|---:|
| Travel/Transportation | $898.16 |
| Meals | $441.57 |
| Postage | $0.88 |
| Filing Fees | $175.00 |
| Duplicating & Document Scanning | $706.70 |
| Courier / Express Mail | $48.15 |
| Computerized Research | $2,158.24 |
| Clipping Service/SEC Watch | $85.00 |
| **Total Expenses Requested:** | **$4,513.70** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               :
*In re*                                                        :    Chapter 11
                                                               :
ADVANTA CORP., *et al.*,                                       :    Case No. 09-13931 (KJC)
                                                               :
         Debtors.                                              :    (Jointly Administered)
                                                               :
---------------------------------------------------------------x

## SECOND MONTHLY APPLICATION OF WEIL, GOTSHAL & MANGES LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM JANUARY 1, 2010 THROUGH JANUARY 31, 2010

Pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 issued by the Executive Office for United States Trustees (the "***Guidelines***"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 125] (the "***Interim Compensation Order***"), Weil, Gotshal & Manges LLP ("***WG&M***") hereby files this Second Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Period from January 1, 2010 through January 31, 2010 (the "***Application***"). By this Application, WG&M seeks allowance of $394,392.00 as compensation and $4,513.70 for reimbursement of actual and necessary expenses incurred for the period January 1, 2010 through January 31, 2010 (the

"*Compensation Period*").[1] In support of this Application, WG&M respectfully represents as follows:

## Preliminary Statement

1. Through the efforts of WG&M professionals and paraprofessionals, the debtors in the above captioned cases (the "*Debtors*") have worked to stabilize their business, preserve value, and institute procedures to streamline the chapter 11 process, all while working with the statutory committee of unsecured creditors and other parties in interest. Over the course of January 2010, WG&M, among other things, (i) worked with the Debtors to preserve the value for their estates; (ii) advised the Debtors on various matters related to their operations in chapter 11; and (iii) performed all of the other professional services described in this Application.

## Background

2. On November 8, 2009 (the "*Commencement Date*"), the majority of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3. Pursuant to the Order Authorizing the Employment and Retention of Weil, Gotshal & Manges LLP as Attorneys for the Debtors, Nunc Pro Tunc to the Commencement Date [Docket No. 104] (the "*Retention Order*"), WG&M was retained as counsel to the Debtors effective as of the Commencement Date and was authorized to be paid in accordance with the Order Implementing Certain Procedures for the Interim Compensation and Reimbursement of Professionals [Docket No. 102] (the "*Interim Compensation Order*") and the Order Appointing Fee Auditor and Establishing Related Procedures Concerning the Payment of Compensation and Reimbursement of Expenses of Professionals and Members of Official Committees and

---

[1] Pursuant to the Interim Compensation Order, at this time WG&M seeks payment of only 80% of the total compensation for the Compensation Period, totaling $315,513.60, and 100% of the expenses incurred during the Compensation Period in the amount of $4,513.70.

Consideration of Fee Applications [Docket No. 249] (the "*Fee Auditor Order*"). The Retention Order authorized WG&M to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 330 and 331 of the Bankruptcy Code.

4. Similarly, by order dated December 3, 2009 [Docket No. 103], the Court approved the employment and retention of Richards, Layton & Finger, P.A. ("*RL&F*") as co-counsel for the Debtors. WG&M and RL&F have divided responsibilities regarding representation of the Debtors and have made every effort to avoid or minimize unnecessary duplication of efforts in these chapter 11 cases.

### Summary of Professional Compensation and Reimbursement of Expenses Requested

5. All services for which compensation is requested by WG&M were performed for or on behalf of the Debtors.

6. During the period covered by this Application WG&M has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between WG&M and any other person other than the members of WG&M for the sharing of compensation to be received for services rendered in these cases.

7. The fees charged by WG&M in these cases are billed in accordance with WG&M's existing billing rates and procedures in effect during the Compensation Period. The rates WG&M charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases are the same rates WG&M charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters. Such fees are reasonably based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

8.  WG&M maintains computerized records of the time spent by all WG&M attorneys and paraprofessionals in connection with its representation of the Debtors. Subject to redaction where necessary to preserve the attorney-client privilege, annexed hereto as *Exhibit A* are copies of WG&M's itemized time records for professionals and paraprofessionals who performed services for the Debtors during the Compensation Period. All entries itemized in WG&M's time records comply with the requirements set forth in Local Rule 2016-2 and the Guidelines, including the use of separate work codes for different project types, as hereinafter described.

9.  Itemized records of expenses incurred by WG&M during the Compensation Period are attached hereto as *Exhibit B*. All entries itemized in WG&M's expense records comply with the requirements set forth in Local Rule 2016-2 and the Guidelines.

## Summary of Services by Project

10. The following is a summary of the significant professional services rendered by WG&M during the Compensation Period. This summary is organized in accordance with the internal system of work codes set up by WG&M at the outset of these chapter 11 cases. These categories are generally described below, with a more detailed identification of the actual services provided set forth on *Exhibit A*. The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in *Exhibit A*. Only those work codes for which five (5) or more hours of work was performed during the Compensation Period are listed below.

   a.  <u>Asset Dispositions/ 363 Sales (Task Code 002)</u>
       Fees $ 17,658.50; Hours 32.30

   Communicated with other professionals regarding sale of fractional interests in

two aircraft, negotiated sale of the same, prepared motion to sell same and prepared and negotiated motion regarding the sale of de minimis assets.

      b.    <u>Case Administration (Task Code 005)</u>
              Fees: $1,775.00; Hours: 7.30

Attended to day-to-day administration of the chapter 11 cases, including preparing and circulating the docket and maintaining the case calendar and work-in-progress list.

      c.    <u>Committee Issues / Meetings / Communications (Task Code 007)</u>
              Fees: $37,184.50; Hours: 46.40

Prepared for and attended Creditors' Committee meeting, communicated and coordinated with the Creditors' Committees' professionals regarding case developments and drafted and negotiated with the Creditors' Committee a protocol for interactions between the Debtors and the Creditors' Committee.

      d.    <u>Employee / ERISA / (Task Code 012)</u>
              Fees: $53,293.50; Hours: 76.20

Reviewed, analyzed and advised Debtors with respect to employee benefits and obligations, ESOP issues, severance plans, and related issues and conducted research in connection with same.

      e.    <u>General Case Strategy /</u>
              <u>Internal Communications & Meetings (Task Code 015)</u>
              Fees: $54,602.50; Hours: 72.00

Meetings and other communications among WG&M attorneys, Alvarez & Marsal, RL&F, and other professionals, as well as the Debtors, relating to overall case strategy, status, and pending issues.

      f.    <u>General Corporate Issues / Corporate Governance (Task Code 016)</u>
              Fees: $44,017.50; Hours: 59.90

Reviewed and analyzed issues relating to the Debtors' SEC reporting requirements and conducted research in connection with the same. Prepared and filed SEC Form

8-K. Prepared and participated in conferences with Alvarez & Marsal and the Debtors regarding SEC filing requirements.

  g. <u>Insurance & Workers Comp Issues (Task Code 018)</u>
    Fees: $9,873.50; Hours: 21.70

Numerous meetings and discussions internally and with Debtors regarding scope of insurance programs and related issues. Prepared motion to authorize insurance provider to pay defense costs under the Debtors' director and officer insurance liability policy.

  h. <u>Non-Bankruptcy Litigation (Task Code 021)</u>
    Fees: $5,877.50; Hours: 6.90

Internal strategy meetings and discussions regarding non-bankruptcy matters and class actions. Communications regarding Federal Insurance Deposit Corporation litigation.

  i. <u>Reorganization/Disclosure Statement/Solicitation/Voting (Task Code 023)</u>
    Fees: $9444.50; Hours 13.20

Reviewed and revised liquidation analysis and communications with Alvarez and Marsal in connection with the same.

  j. <u>Real Property / Contract / 365 Issues (Task Code 024)</u>
    Fees: $12,107.50; Hours: 22.60

Matters relating to real property leases and the assumption and rejection of executory contracts.

  k. <u>Retention / Fee Applications / Billing : WGM (Task Code 026)</u>
    Fees: $9,928.00; Hours: 28.30

Time spent preparing and reviewing WG&M's November and December billing detail for compliance with Local Rules and U.S. Trustee guidelines.

l.  Retention /
    Fee Application: Ordinary Course Professionals (Task Code 027)
    Fees: $5,983.00; Hours: 11.40

Time spent assisting ordinary course professionals for the Debtors with the preparation and filing of their retention applications, and reviewing such retention applications.

m.  Schedules / Statement of Financial Affairs / MORs (Task Code 029)
    Fees: $44,983.50; Hours: 94.80

Time spent assisting the Debtors with preparing and filing the Schedules and Statements of Financial Affairs and preparing the Debtors' December monthly operating report. Communications with Alvarez and Marsal regarding the same.

n.  Tax Issues (Task Code 030)
    Fees: 84,632.50; Hours 107.90

Reviewed and evaluated Debtors' tax considerations, including relating to elections regarding 2008 and 2009 tax returns, and communicated with the Debtors and Alvarez & Marsal regarding the same.

11. The foregoing professional services performed by WG&M were (a) necessary and appropriate to the administration of the Debtors' chapter 11 cases, (b) in the best interests of the Debtors and their estates, and (c) provided without unnecessary duplication of effort or expense incurred by professionals and paraprofessionals employed by RL&F.

12. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. The professional services were performed with expedition and in an efficient manner.

13. A significant percentage of services performed by members, counsel, and associates of WG&M were rendered by the Business Finance and Restructuring Department. WG&M has a preeminent practice in this area and enjoys a national reputation for its expertise in financial reorganizations and restructurings of troubled entities, with approximately 80 attorneys

specializing in this area of law. WG&M has been actively involved in major chapter 11 cases, and currently represents or has represented, among others, the following debtors: General Motors Corporation; Lehman Brothers Holdings Inc.; Enron Corp.; Pilgrim's Pride Corporation; BearingPoint, Inc.; SemGroup L.P.; Extended Stay Inc.; Magna Entertainment Group; Finlay Enterprises, Inc.; LandSource Communities Development LLC; Vertis Holdings, Inc.; PRC, LLC; Charys Holding Co., Inc. and Crochet & Borel Services, Inc.; Sharper Image Corporation; Silicon Graphics, Inc.; Atkins Nutritionals, Inc.; Footstar, Inc.; New World Pasta Company; Parmalat USA Corp.; Loral Space & Communications Ltd.; TL Administration Corporation; Republic Engineered Product Holdings; WestPoint Stevens Inc.; Worldcom, Inc.; and Adelphia Business Solutions, Inc. As a consequence, WG&M brings to these cases a high level of expertise and experience that inures to the benefit of the Debtors and all parties in interest.

14. Professional services performed by WG&M on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 606.10 recorded hours by WG&M's members, counsel, associates, and paraprofessionals. Of the aggregate time expended, 218.50 recorded hours were expended by partners and counsel of WG&M, 359.60 recorded hours were expended by associates, and 28.00 recorded hours were expended by paraprofessionals of WG&M.

15. During the Compensation Period, WG&M's hourly billing rates for professionals ranged from $200 to $990 per hour. Allowance of compensation in the amount requested would result in a blended hourly rate for professionals of approximately $650.70 (based on 606.10 recorded hours at WG&M's regular billing rates in effect at the time of the

performance of services).[2]

## Actual and Necessary Disbursements of WG&M

16. Annexed hereto as *Exhibit B* are WGM's itemized records detailing expenses incurred on behalf of the Debtors during the Compensation Period. WG&M requests allowance of actual and necessary expenses incurred by WG&M during the Compensation Period in the aggregate amount of $4,513.70.

17. WG&M's disbursement policies pass through out of pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine. For example, with respect to duplication charges, WG&M will charge $.10 per page because the actual cost is difficult to determine. Similarly, as it relates to computerized research, WG&M believes that it does not make a profit on that service as a whole although the cost of any particular search is difficult to ascertain. Other reimbursable expenses (whether the service is performed by WG&M in-house or through a third party vendor) include, but are not limited to, facsimiles, toll calls, overtime, overtime meals, deliveries, court costs, cost of food at meetings, transcript fees, travel, and clerk fees. Notably, WG&M charges all of its clients $1.00/page for out-going facsimile transmissions and does not charge its clients for incoming facsimile transmissions.

---

[2] The blended professional rate was calculated by dividing total professional compensation of $394,392.00 by total professional hours billed of 606.10.

## Reservation

18. To the extent time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, or WG&M has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, WG&M reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## Notice

19. No trustee or examiner has been appointed in these chapter 11 cases. Pursuant to the Interim Compensation Order and the Fee Auditor Order, notice of this Application will be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) Warran H. Smith & Associates, P.C. as the fee auditor appointed in these chapter 11 cases; and (iii) counsel to the official committee of unsecured creditors. The Debtors respectfully submit that no further notice of this Application is required.

## Conclusion

WHEREFORE WG&M respectfully requests (i) allowance of compensation for professional services rendered to the Debtors during the Compensation Period in the amount of $394,392.00 (80% of which equals $315,513.60) and reimbursement for actual and necessary costs and expenses incurred by WG&M during the Compensation Period in the amount of $4,513.70, for a total of $398,905.70, (ii) that, in accordance with the Interim Compensation Order, the Court direct the Debtors to pay WG&M $320,026.60 representing 80% of the total amount of fees and 100% of the expenses allowed, (iii) that the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to WG&M's right to seek such further compensation for the full value of services performed and expenses incurred, and (iv) that the Court grant WG&M such other and further relief as is just.

Dated: April 28, 2010
      Wilmington, Delaware

 

_____
Marcia L. Goldstein
Robert J. Lemons
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR
DEBTORS AND DEBTORS IN
POSSESSION

# VERIFICATION

STATE OF NEW YORK       )
                        ) SS:
COUNTY OF NEW YORK      )

Robert J. Lemons, after being duly sworn according to law, deposes and says as follows:

(a) I am a member with the applicant firm, Weil, Gotshal & Manges LLP, and have been admitted *pro hac vice* to appear before this Court.

(b) I have personally performed many of the legal services rendered by Weil, Gotshal & Manges LLP, as counsel to the Debtors,[1] and am thoroughly familiar with the other work performed on behalf of the Debtors by the lawyers in the firm.

(c) I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed the applicable section of the Bankruptcy Rules, Local Rule 2016-2, and the Guidelines, and submit that the Application substantially complies with such rule.

_____
Robert J. Lemons, Esq.

SWORN TO AND SUBSCRIBED
before me this 22th day of April, 2010.

_____
Notary Public
My Commission Expires:_____

NICOLE ALISEO
Notary Public, State of New York
No. 01AL6186782
Qualified in Richmond County
Commission Expires May 12, 2012

---

[1] Capitalized terms not defined herein have the meaning ascribed to such terms in the Application.