IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
                                                         :
*In re*                                                  :   Chapter 11
                                                         :
ADVANTA CORP., *et al.*,                                 :   Case No. 09-13931 (KJC)
                                                         :
                    Debtors.[1]                          :   (Jointly Administered)
                                                         :
                                                         :   Re: Docket No. 428, 496
---------------------------------------------------------x

## ORDER AUTHORIZING
## THE SALE OF STOCK OF ADVANTA LIFE INSURANCE
## COMPANY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES

Upon the motion, dated April 21, 2010 (the "*Motion*"), of Advanta Corp. ("*Advanta*"), as debtor and debtor in possession, pursuant to section 363 of title 11 of the United States Code (the "*Bankruptcy Code*"), for authorization to consummate the sale of all of the issued and outstanding shares of common stock in Advanta Life Insurance Company, all as more fully described in the Motion[2]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

---

[1] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Advanta Corp. (2070), Advanta Investment Corp. (5627), Advanta Business Services Holding Corp. (4047), Advanta Business Services Corp. (3786), Advanta Shared Services Corp. (7074), Advanta Service Corp. (5625), Advanta Advertising Inc. (0186), Advantennis Corp. (2355), Advanta Mortgage Holding Company (5221), Advanta Auto Finance Corporation (6077), Advanta Mortgage Corp. USA (2654), Advanta Finance Corp. (8991), Advanta Ventures Inc. (5127), BizEquity Corp. (8960), Ideablob Corp. (0726), Advanta Credit Card Receivables Corp. (7955), Great Expectations International Inc. (0440), Great Expectations Franchise Corp. (3326), and Great Expectations Management Corp. (3328).

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

RLF1 3567998v.1

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and the relief requested in the Motion being in the best interests of Advanta, its estate and its creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the SPA, in substantially the form annexed as *Exhibit B* to the Motion, and all of the terms and conditions thereof, is approved; and it is further

ORDERED that the failure specifically to include any particular provision of the SPA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the SPA be authorized and approved in its entirety; and it is further

ORDERED that pursuant to section 363(b) of the Bankruptcy Code, Advanta is authorized to perform its obligations under and comply with the terms of the SPA, and consummate the Sale, pursuant to and in accordance with the terms and conditions of the SPA, or to consummate a Superior Company Proposal; and it is further

ORDERED that Advanta is authorized to execute and deliver, and empowered to perform under, consummate and implement, the SPA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the SPA, or a Superior Company Proposal, and to take all further actions as may be reasonably required for the purpose of assigning, transferring, granting,

conveying and conferring the Shares to the Buyer, or an Alternate Buyer, or as may be necessary or appropriate to the performance of the obligations as contemplated by the SPA, or pursuant to a Superior Company Proposal; and it is further

ORDERED that the Termination Fee is approved and authorized to be paid pursuant to the terms of the SPA and such Termination Fee shall have administrative expense priority pursuant to sections 503(b) and 507 of the Bankruptcy Code; and it is further

ORDERED that the Sale of the Shares to the Buyer shall vest the Buyer with all right, title and interest in the Shares, and pursuant to section 363(f) of the Bankruptcy Code, the Sale shall be free and clear of any and all liens, claims and encumbrances against the Shares, with such liens, claims (as defined in section 101(5) of the Bankruptcy Code) and encumbrances, if any, to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims and encumbrances have on the Shares of ALIC, as appropriate; and it is further

ORDERED that the transactions contemplated by the SPA are undertaken by Buyer in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the sale of the Shares to Buyer, unless such authorization is duly stayed pending such appeal. The Buyer, its affiliates, and their respective principals and advisors have proceeded in good faith and without collusion in all respects and are entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code. In the event that the Debtors consummate a transaction for the sale of the Shares to an Alternate Buyer (as defined in the Motion), the

good faith finding in the preceding sentence shall not be applicable to such Alternate Buyer absent further order of the Court; and it is further

ORDERED that the consideration provided by Buyer for the Shares under the SPA is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code; and it is further

ORDERED that the indemnification provisions contained in Section 6.4 and Article VIII of the SPA are approved and any amounts that become payable by Advanta in connection therewith shall (a) be entitled to administrative expenses priority pursuant to sections 503(b) and 507 of the Bankruptcy Code; and (b) be paid by the Debtors without further order of the Court being necessary; and it is further

ORDERED that the rights and defenses of Advanta and any other party in interest with respect to any assertion that any liens, claims and encumbrances will attach to the proceeds of the Sale are hereby preserved; and it is further

ORDERED that any stay under Bankruptcy Rules 6004 and 6006 (as applicable) is waived; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: May 1V, 2010
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE