ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
*In re*                                              : Chapter 11
                                                     :
ADVANTA CORP., *et al.*,                             : Case No. 09-13931 (KJC)
                                                     :
Debtors.[1]                                          : (Jointly Administered)
                                                     :
------------------------------------------------------------x  Re: Docket No. 530

### ORDER AUTHORIZING
### (I) THE SALE OF ASSETS OF BIZEQUITY CORP.
### FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES;
### (II) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
### CONTRACTS; AND (III) THE NAME CHANGE

Upon the motion, dated May 18, 2010 (the "*Motion*"), of BizEquity Corp. ("*BizEquity*"), as debtor and debtor in possession, pursuant to section 363 of title 11 of the United States Code (the "*Bankruptcy Code*"), for authorization to consummate the sale of the Assets, all as more fully described in the Motion[2]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and

---

[1] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Advanta Corp. (2070), Advanta Investment Corp. (5627), Advanta Business Services Holding Corp. (4047), Advanta Business Services Corp. (3786), Advanta Shared Services Corp. (7074), Advanta Service Corp. (5625), Advanta Advertising Inc. (0186), Advantennis Corp. (2355), Advanta Mortgage Holding Company (5221), Advanta Auto Finance Corporation (6077), Advanta Mortgage Corp. USA (2654), Advanta Finance Corp. (8991), Advanta Ventures Inc. (5127), BizEquity Corp. (8960), Ideablob Corp. (0726), Advanta Credit Card Receivables Corp. (7955), Great Expectations International Inc. (0440), Great Expectations Franchise Corp. (3326), and Great Expectations Management Corp. (3328).

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the relief requested in the Motion being in the best interests of BizEquity, its estate and its creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor, it is

> ORDERED that the Motion is GRANTED; and it is further

> ORDERED that the APA, in substantially the form annexed as *Exhibit B* to the Motion, and all of the terms and conditions thereof, is approved; and it is further

> ORDERED that the failure specifically to include any particular provision of the APA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the APA be authorized and approved in its entirety; and it is further

> ORDERED that pursuant to section 363(b) of the Bankruptcy Code, BizEquity is authorized to perform its obligations under and comply with the terms of the APA, including consummating the Sale, pursuant to and in accordance with the terms and conditions of the APA; and it is further

> ORDERED that BizEquity is authorized to execute and deliver, and empowered to perform under, all additional instruments and documents that may be reasonably necessary or desirable to implement the APA, and to take all further actions as may be reasonably required for the purpose of assigning, transferring, granting, conveying and conferring the Assets to the Buyer, or as may be necessary or appropriate to the performance of the obligations as contemplated by the APA; and it is further

> ORDERED that the Termination Fee is approved and authorized to be paid pursuant to the terms of the APA; and it is further

RLF1 3578033v. 1

ORDERED that, pursuant to section 363(f) of the Bankruptcy Code, the Sale shall be free and clear of any and all liens, claims and encumbrances against the Assets, with such liens, claims and encumbrances, if any, to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims and encumbrances have on the Assets, as appropriate; and it is further

ORDERED that the transactions contemplated by the APA are undertaken by the Buyer in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the sale of the Assets to the Buyer, unless such authorization is duly stayed pending such appeal. The Buyer is a purchaser in good faith of the Assets, and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code. In the event that BizEquity consummates a Superior Company Proposal and sells the Assets to an Alternate Buyer, the good faith finding in the preceding sentence shall not be applicable to such Alternate Buyer absent further order of the Court; and it is further

ORDERED that the consideration provided by the Buyer for the Assets under the APA is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code; and it is further

ORDERED that the assumption of the Assumed Contracts, subject to Closing (as defined in the APA) and such other conditions as may be imposed by the APA, is approved. BizEquity is authorized to assign the Assumed Contracts in connection with the transactions contemplated under the APA with such assignment being effective as of Closing (as defined in the APA). Pursuant to section 363(k) of the Bankruptcy Code, other than as provided for in the

APA, upon the assignment of the Assumed Contracts to the Buyer, BizEquity shall have no further liability or obligations with respect thereto; and it is further

ORDERED that the Court finds that BizEquity has not committed any defaults under the Assumed Contracts and no cure is required to pursuant to 11 U.S.C. § 365(b); and it is further

ORDERED that the rights and defenses of BizEquity and any other party in interest with respect to any assertion that any liens, claims and encumbrances will attach to the proceeds of the Sale are hereby preserved; and it is further

ORDERED that BizEquity is authorized and empowered to effectuate the change of its corporate name to "BE Corp." without further action by its directors or stockholders and that the Clerk of the Court shall take whatever actions are necessary to reflect the Name Change on the ECF filing system; and it is further

ORDERED that any stay under Bankruptcy Rule 6004 (as applicable) is waived; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: June ___, 2010
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE

RLF1 3578033v. 1