# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
*In re* : Chapter 11
:
ADVANTA CORP., *et al.*, : Case No. 09-13931 (KJC)
:
Debtors.[1] : (Jointly Administered)
: Hearing Date: August 12, 2010 at 11:00 a.m.
---------------------------------------------------------------x Response Deadline: July 12, 2010 at 4:00 p.m.

## DEBTORS' FIRST OMNIBUS OBJECTION
## TO STOCK OWNERSHIP CLAIMS (NON-SUBSTANTIVE)

Advanta Corp. and certain of its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "*Debtors*"), hereby file this first non-substantive omnibus objection (the "*Omnibus Objection*") to certain filed claims referenced on *Exhibit A* attached hereto (collectively, the "*Stock Ownership Claims*") asserted by holders of equity interests in Advanta (collectively, the "*Equity Holders*"). In support of this Omnibus Objection, the Debtors respectfully represent as follows:

---

[1] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Advanta Corp. (2070) ("*Advanta*"), Advanta Investment Corp. (5627), Advanta Business Services Holding Corp. (4047), Advanta Business Services Corp. (3786), Advanta Shared Services Corp. (7074), Advanta Service Corp. (5625), Advanta Advertising Inc. (0186), Advantennis Corp. (2355), Advanta Mortgage Holding Company (5221), Advanta Auto Finance Corporation (6077), Advanta Mortgage Corp. USA (2654), Advanta Finance Corp. (8991), Advanta Ventures Inc. (5127), BE Corp. (8960), ideablob Corp. (0726), Advanta Credit Card Receivables Corp. (7955), Great Expectations International Inc. (0440), Great Expectations Franchise Corp. (3326), and Great Expectations Management Corp. (3328). Information regarding the Debtors' businesses and the background relating to events leading up to these chapter 11 cases can be found in (i) the Declaration of William A. Rosoff in Support of the Debtors' Chapter 11 Petitions and First-Day Motions, filed on November 8, 2009, (the "*Rosoff Declaration*"), the date the majority of Debtors filed their petitions (the "*Commencement Date*") under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"), and (ii) that certain supplement thereto, filed on November 20, 2009, the date Advanta Ventures Inc., BE Corp., ideablob Corp. and Advanta Credit Card Receivables Corp. filed their chapter 11 cases (the "*Second Commencement Date*", and together with the Commencement Date, the "*Commencement Dates*"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Further, in accordance with an order of this Court, the Debtors' cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

## Relief Requested

1. By this Omnibus Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007(d)(7), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), the Debtors request entry of a proposed order substantially in the form attached hereto as ***Exhibit B*** (the "***Order***") disallowing and expunging the Stock Ownership Claims in their entirety because they are claims of shareholders based on ownership of stock of Advanta.

## The Bar Dates

2. On April 7, 2010, the Court entered an order (the "***Bar Date Order***") [Docket No. 399] establishing, among other things, May 14, 2010 at 5:00 p.m. (Eastern Time) (the "***Bar Date***") as the deadline to file proofs of claim against the Debtors (each a "***Proof of Claim***," and, collectively, the "***Proofs of Claim***").

3. Pursuant to the Bar Date Order, Garden City Group, Inc., the court-appointed claims and noticing agent in these cases, mailed notices of the Bar Date (the "***Bar Date Notices***") to approximately 19,500 parties in interest. In addition to mailing the Bar Date Notices, the Debtors gave notice to potential creditors by publishing the Bar Date Notice publications in *The Wall Street Journal* and *The Philadelphia Inquirer* (the "***Publications***"). The mailing of the Bar Date Notices and the Publications provided potential creditors with adequate and sufficient notice of the Bar Date.

4. As of the Bar Date, approximately 2,585 Proofs of Claim have been docketed in these chapter 11 cases. Among the filed claims are the Stock Ownership Claims of Equity Holders. The Debtors have reviewed each of the Stock Ownership Claims and have

concluded that the Stock Ownership Claims are invalid and hereby object to each Stock Ownership Claim on the basis set forth below.

### Objection

5. The Stock Ownership Claims reflected in *Exhibit A* represent Proofs of Claim filed by Equity Holders based on ownership of stock in Advanta. The Debtors believe that disallowance of the Stock Ownership Claims is appropriate because these Stock Ownership Claims do not constitute "claims" within the meaning of section 101(5) of the Bankruptcy Code. Furthermore, Bankruptcy Rule 3007(d)(7) states that a debtor may object to the allowance of a claim based solely on the ground that the claimant is asserting ". . . interests, rather than claims". Additionally, Local Rule 3007-1(d)(v) states that claims "filed by a shareholder based on ownership of stock" may be objected to through a non-substantive objection.

6. The Stock Ownership Claims are based solely on ownership of stock and do not assert damages. The claimants holding the Stock Ownership Claims will not be prejudiced by having such Claims disallowed and expunged because the treatment of the Stock Ownership Claims will ultimately be addressed by the Debtors' chapter 11 plan. Accordingly, the Debtors seek entry of the Order expunging the Stock Ownership Claims in their entirety.

### Jurisdiction

7. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Notice

8. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Omnibus Objection will be provided to (i) the Office of the United States Trustee

3

for the District of Delaware; (ii) counsel to the official committee of general unsecured creditors; (iii) Bank of New York Mellon as trustee under the Investment Note Indenture (as defined in the Rosoff Declaration); (iv) Law Debenture Trust Company of New York as trustee under the 8.99% Indenture (as defined in the Rosoff Declaration); (v) the Equity Holders listed on *Exhibit A* attached hereto; and (vi) those parties who have requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "*Notice Parties*"). The Debtors respectfully submit that no further notice of this Omnibus Objection is required.

9. Pursuant to Bankruptcy Rule 3007, the Debtors have provided all claimants affected by this Omnibus Objection with at least thirty days' notice of the hearing to consider this Omnibus Objection.

### No Prior Request

10. No previous request for the relief sought herein has been made to this or any other Court.

### Statement of Compliance with Local Rule 3007-1

11. The undersigned representative of Richards, Layton & Finger, P.A. certifies that he has reviewed the requirements of Local Rule 3007-1 and that the Omnibus Objection substantially complies with that Local Rule. To the extent that the Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-1, Richards, Layton & Finger, P.A. believes such deviations are not material and respectfully requests that any such requirement be waived.

### Separate Contested Matters

12. To the extent that a response is filed regarding any Stock Ownership Claim listed in this Omnibus Objection and the Debtors are unable to resolve the response, each

4

such Stock Ownership Claim, and the objection by the Debtors to each such Stock Ownership Claim asserted herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the Omnibus Objection shall be deemed a separate order with respect to each Claim.

### Response to Omnibus Objection

13. To contest the relief requested in this Omnibus Objection, a claimant must file and serve a written response to this Objection (a "*Response*") so that it is received no later than August 5, 2010 at 4:00 p.m. (EDT) (the "*Response Deadline*"). Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 North Market Street, Wilmington, Delaware 19801, and served upon the following parties, so that the Response is received no later than the Response Deadline, at the following addresses:

> WEIL, GOTSHAL & MANGES LLP
> 767 Fifth Avenue
> New York, NY 10153
> Attn: Robert J. Lemons and Jennifer N. Ganesh
>
> - and -
>
> RICHARDS, LAYTON & FINGER, P.A.
> One Rodney Square
> 920 North King Street
> Wilmington, DE 19801
> Attn: Paul N. Heath and Chun I. Jang

14. Every Response to this Omnibus Objection must contain at a minimum the following information:

  (a) a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Objection to which the Response is directed;
  (b) the name of the Claimant, his/her/its claim number, and a description of the basis for the amount of the Proof of Claim;

(c)     the specific factual basis and supporting legal argument upon which the party will rely in opposing this Omnibus Objection;

(d)     any supporting documentation, to the extent it was not included with the Proof of Claim previously filed with the clerk or claims agent, upon which the party will rely to support the basis for and amounts asserted in the Proof of Claim; and

(e)     the name, address, telephone number, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the Omnibus Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed claim on behalf of the claimant.

15. If a claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may present to the Court an appropriate order disallowing such claimant's claim, without further notice to the claimant or a hearing.

### Replies to Responses

16. Consistent with Local Rule 9006-1(d), the Debtors may, at their option, file and serve a reply to a Response no later than 4:00 p.m. (Prevailing Eastern Time) one day prior to the deadline for filing the agenda on any hearing to consider the Omnibus Objection.

### Reservation of Rights

17. The Debtors hereby reserve the right to object in the future to any of the Proofs of Claim listed in this Omnibus Objection or on the exhibits attached hereto on any ground, and to amend, modify, and/or supplement this Omnibus Objection, including, without limitation, to object to amended or newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

18. Notwithstanding anything contained in this Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code

6

RLF1 3585861v 1

against the holders of claims subject to the Omnibus Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

WHEREFORE the Debtors respectfully request entry of the Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: June 28, 2010
Wilmington, Delaware

/s/ Zachary Shapiro

Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Chun I. Jang (No. 4790)
Zachary I. Shapiro (No. 5103)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

- and -

WEIL, GOTSHAL & MANGES LLP
Marcia L. Goldstein
Robert J. Lemons
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR
DEBTORS AND DEBTORS IN
POSSESSION