# EXHIBIT B

# SERVICES AGREEMENT



DES MOINES, IA
CHICAGO, IL
AUSTIN, TX
HARTFORD, CT
WASHINGTON, DC

July 26, 2010

Mr. Aaron Singer
Attorney
Latham & Watkins LLP
885 Third Avenue
New York, N 10022

Re: ***Services Engagement Agreement between Insurance Strategies Consulting, LLC and the Official Committee of Unsecured Creditors of Advanta Corporation, et al.***

Dear Mr. Singer:

Insurance Strategies Consulting, LLC ("Insurance Strategies", "We" or "Us") has been retained, effective as of June 16, 2010, by the Official Committee of Unsecured Creditors of Advanta Corporation, et al. (the "Committee"), by and through its counsel, Latham & Watkins LLP ("Latham") and Drinker Biddle & Reath LLP ("Drinker").  We have confirmed to you that We have no conflict of interest issues with any party in our capacity to serve as an insurance and actuarial consultant or expert to the Committee, Latham and Drinker.

### *Scope of Engagement*

We have been retained to provide assistance regarding the evaluation of certain proofs of claims filed against the estates of Advanta Corp. and its subsidiaries, including the analysis of employee benefits plans, bonus programs, employee retention programs and other post-retirement benefits.  We will also render such other actuarial and insurance consulting advice as the Committee or its counsel may deem necessary or consistent with the role of an insurance consultant.  If later we are requested to serve as a testifying expert, this agreement will continue to apply.

We will maintain frequent communications with Latham and Drinker so that counsel to the Committee is aware of our progress, to share our interim findings, and to make recommendations for actions going forward.  We acknowledge that with respect to our



6000 Westown Parkway
3rd Floor
West Des Moines, IA  50266
Office: (515) 273-3530
Fax: (515) 221-0327
www.insurance-strat.com

From:  Carl Harris
Date:   July 26, 2010

services on this engagement, We will take reasonable steps to provide such services in a cost efficient manner.

We will prepare work papers and other writings only at the instruction of Latham or Drinker. We understand that our preparation of such writings will be solely for Latham and Drinker, in furtherance of their representation of the Committee, and such writings are intended to be a part of Latham's or Drinker's privileged attorney work product. All information that We, our Principals or employees may acquire solely for this engagement will be part of privileged attorney-client communications and will not be disclosed by Us to third parties except as required by law.

In addition to the above tasks, We understand that Latham or Drinker may expand the scope of this engagement by advising Us of additional tasks that We are required to complete.

Latham or Drinker will notify Us immediately should conditions arise which alter the defined scope of this project or the nature of our involvement.

### *Confidentiality*

In connection with the representation of the Committee, Latham or Drinker may disclose to Us certain information, data, documents, etc. ("Confidential Materials"). We understand that the sole purpose of Our receipt of Confidential Materials is to assist the Committee, Latham and Drinker and We agree to keep confidential all Confidential Materials and not to make any use thereof except as requested by Latham or Drinker or as required by law.

We agree to notify Latham and Drinker immediately should any other person or party request Us to disclose or produce any documents, or to give written or oral testimony, related to this engagement, including by formal discovery request or subpoena. We will use best efforts to resist disclosing or producing documents or giving testimony to any other person or party until Latham has had an opportunity to enter an appearance and challenge the request.

### *Limitation on Liability*

The Committee agrees that Insurance Strategies and its personnel will not be liable to the Committee for any claims, liabilities, or expenses relating to this engagement for an aggregate amount in excess of the fees paid to Insurance Strategies for this engagement, except to the extent finally judicially determined to have resulted from the fraud, bad faith, gross negligence or intentional misconduct of Insurance Strategies. In no event will Insurance Strategies or its personnel be liable for consequential, special, indirect, incidental, punitive or exemplary loss, damage, or expense relating to this engagement.

From:  Carl Harris
Date:   July 26, 2010


The limitation on liability provisions of this engagement letter will apply to the fullest extent of the law, whether in contract, statute, tort (such as negligence), or otherwise. The agreements and undertakings of the Committee and Us contained in this engagement letter, such as those pertaining to restrictions on report use and distribution and limitation on liability, will survive the completion or termination of this engagement.

### *Jurisdiction*

This Agreement is subject to the approval of the Bankruptcy Court, and such Court shall retain jurisdiction over all matters regarding this Agreement. Any proceeding arising out of this agreement shall be heard exclusively by the Bankruptcy Court, to whose jurisdiction and forum ISC and the Committee irrevocably submit.  Notwithstanding the previous sentence, to the extent the Bankruptcy Court declines to hear any proceeding arising out of this agreement, such proceeding shall be heard by any state or federal court sitting in the city and county of New York, to whose jurisdiction and forum ISC and the Committee irrevocably submit.

### *Compensation*

Our professional fees for this engagement will be as follows for time actually expended by ISC in the rendering of the services provided herein:

     Carl T. Harris -- $350 per hour

We will also be reimbursed for expenses that are reasonable and necessary to such services.

I have provided two executed copies of this agreement.  Please sign both copies and send one back to me for our files.

Best regards,

*[signature]*

_____
Carl M. Harris

From: Carl Harris
Date: July 26, 2010



Agreed:


/s/ Michael Stern_____
The Official Committee of
Unsecured Creditors


/s/ Roger Schwartz_____
Latham & Watkins LLP


/s/ Howard A. Cohen_____
Drinker Biddle & Reath LLP


July 26, 2010_____
Date: