IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ADVANTA CORP., *et al.* | : | Case No. 09-13931 (KJC) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | **Hearing Date: December 16, 2010 @ 3:30 p.m.** |
| | : | **Objections Due: December 7, 2010 @ 5:00 p.m.** |
| | : | |
| | : | **Re: Docket No. 896, 899** |

## UNITED STATES TRUSTEE'S OBJECTION TO DISCLOSURE STATEMENT FOR DEBTORS' JOINT PLAN UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

The United States Trustee, by and through her counsel, hereby files the following objection to the Disclosure Statement (the "Disclosure Statement') for Debtors' Joint Plan (the "Plan") Under Chapter 11 of the Bankruptcy Code, and in support thereof states as follows:

### Background

1. Roberta A. DeAngelis is the United States Trustee ("U.S. Trustee") for this District.

2. The United States Trustee is responsible for supervising cases in Chapter 11. *See* 28 U.S.C. § 586. This duty is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3. On November 9, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and

1

manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On November 19, 2009, the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Creditors Committee").

5. On November 2, 2010, the Debtors filed the Disclosure Statement and the Plan. The hearing to consider approval of the Disclosure Statement is currently scheduled for December 16, 2010.

6. On that same date, the Debtors filed the Motion for an Order (I) Approving the Proposed Disclosure Statement, (II) Approving Notice and Objection Procedures for the Disclosure Statement Hearing, (III) Establishing Solicitation and Voting Procedures, (IV) Scheduling a Confirmation Hearing, and (V) Establishing Notice and Objection Procedures for Confirmation of the Proposed Plan (the "Solicitation Procedures Motion").

## Relevant Law

7. Section 1125 of the Bankruptcy Code governs the necessity and adequacy of disclosure statements. Solicitation of votes is prohibited prior to court approval of a written disclosure statement, after notice and a hearing, which contains "adequate information." *See* 11 U.S.C. § 1125(b).

8. Adequate information is defined as being:

> "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a reasonable hypothetical investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan."

11 U.S.C. § 1125(a)(1).

9. "Investor typical of holders of claims or interests of the relevant class" is defined in section 1125 as being an investor having

> (A) a claim or interest of the relevant class;
> (B) such a relationship with the debtor as the holders of other claims or interests of such class generally have; and
> (C) such ability to obtain such information from sources other than the disclosure required by this section as holders of claims or interests in such class generally have.

11 U.S.C. § 1125(a)(2).

10. The disclosure statement requirement of section 1125 is "crucial to the effective functioning of the federal bankruptcy system[;] . . . the importance of full and honest disclosure cannot be overstated." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996) (citing *Oneida Motor Freight, Inc. v. United Jersey Bank* (*In re Oneida Motor Freight, Inc.*), 848 F.2d 414 (3d Cir. 1988)).

11. "Adequate information" under section 1125 is "determined by the facts and circumstances of each case." *See Oneida*, 848 F.2d at 417 (citing H.R. Rep. No. 595, 97th Cong., 2d Sess. 266 (1977)). The "adequate information" requirement is designed to help creditors in their negotiations with Debtors over the plan. *See Century Glove, Inc. v. First American Bank*, 860 F.2d 94 (3d Cir. 1988).

**Basis for Relief Requested**

12. The U.S. Trustee objects to the adequacy of the information in the Disclosure Statement on the following grounds:

- <u>Lack of Information on Subordinated Claims, Classes 6(a)-(f)</u> - The Disclosure Statement contains information that certain litigation claims will

3

be subordinated to all other Claims[1] under section 510 of the Bankruptcy Code. The Disclosure Statement, however, does not provide an adequate explanation as to the reasons why those claims will be subordinated, and the effect of that equitable subordination, which most likely means that there will be no distributions on these claims. Also, the Disclosure Statement should explain what will happen with those litigation claims if the Plan is confirmed. The Plan contains a broad injunction against claimants from pursuing claims, therefore, the Disclosure Statement should explain the effect of that injunction on all litigation claims.

- <u>Lack of Information on Other Litigation Claims</u> - The Disclosure Statement contains a description of certain other litigation against the Debtors, including the Mortgage Litigation Claims, Severance Claims and Certain Employee Claims (page 21 of the Disclosure Statement). There is no information as to what will occur with these litigation claims. The Debtors should explain the effect of confirmation on these other litigation claims.

- <u>Substantive Consolidation</u> - The Plan will result in the substantive consolidation of certain of the Debtors (the "Consolidated Debtors"). The Disclosure Statement contains inadequate information as to the legal basis that supports substantive consolidation. The Debtors should explain why substantive consolidation is appropriate in this case under relevant Third

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Disclosure Statement, the Plan and the Solicitation Procedures Motion.

Circuit law. *See In re Owens Corning*, 419 F.3d 195 (3d Cir. 2005). The Debtors should also indicate that they will seek to close the bankruptcy cases of the Consolidated Debtors when the Plan is confirmed.

- <u>Equity Interests</u> - The Debtors indicate in the Disclosure Statement that equity interests in certain of the Consolidated Debtors, along with certain other Debtors, will be extinguished, while the equity interests in Debtors AMCUSA, Advanta Auto Finance and Advanta Finance may receive a distribution and are entitled to vote on the Plan. The Disclosure Statement fails to contain adequate information as to who specifically holds the equity interests that are entitled to vote and why there is a different treatment among the various equity interests. This information should be included in the Disclosure Statement.

- <u>Plan Supplement/Compensation and Benefit Programs</u> - The Debtors propose to file the Plan Supplement five (5) business days before the deadline to vote or object to the Plan. The U.S. Trustee believes that this is not enough time to adequately review substantial materials before voting or objecting to the Plan. In particular, on page 57 of the Disclosure Statement, the Debtors indicate that certain Compensation and Benefit Programs, which will be listed in the Plan Supplement, will be maintained by certain surviving entities. The Debtors do not provide any explanation of these Compensation and Benefit Programs and why liquidating Debtors would need such programs in place. That information should be provided in detail in the

Disclosure Statement. Additionally, the Court should require that the Debtors file the Plan Supplement much sooner so that the materials contained therein can be adequately reviewed by parties before the voting/objection deadline.

13. The U.S. Trustee objects to the Solicitation Procedures Motion as follows:

- <u>Tabulation Procedures</u> - The Debtors should not be permitted to deem an acceptance of the Plan by any ballot where a determination cannot be made if the claimant or interest holder affirmatively accepted the Plan. In particular, paragraphs 54(b)-(d) of the Solicitation Procedures Motion should be modified to provide that those particular types of ballots will not be counted. Not counting a ballot where the vote is unknown is a standard tabulation procedure and prevents impermissible acceptances of the Plan.

- <u>Voting/Objection Deadline</u> - The Debtors propose voting and objection deadlines of twenty-eight (28) days after the Solicitation Date, which will occur approximately seven (7) days after approval of the Disclosure Statement. While the 28 days is on the low end of a reasonable voting period, the issue here is the intervening holidays and the decreased time to review the solicitation materials because of the holidays. The Solicitation Date will occur right around the Christmas holiday, so it is likely that solicitation packages will not be reviewed by many parties until after the New Year. Also, this is a case where many creditors are not sophisticated, institutional investors, therefore it will take time for those creditors to review and digest these materials. For those reasons, the U.S. Trustee requests that

the voting and objection deadlines be extended to approximately 35-40 days after the Solicitation Date.

- Ballots - Each of the ballots should contain a description or a listing of the Plan provisions regarding Exculpation and Injunctions. It is fairly customary for the ballots to contain a description of the release and injunction provisions of a plan. That should be no different here where claimants and interest holders should be able to know that when voting to accept the Plan, they are also voting in favor of the exculpation and injunction provisions.[2]

WHEREFORE, the United States Trustee respectfully requests this Court issue a ruling commensurate with the above referenced objection, and award such other relief as this Court deems appropriate under the circumstances.

        Respectfully submitted,

        **ROBERTA A. DEANGELIS**
        **United States Trustee**

**BY:**    */s/ David M. Klauder*
        David M. Klauder, Esquire
        Trial Attorney
        Office of the United States Trustee
        J. Caleb Boggs Federal Building
        844 King Street, Suite 2207
        Wilmington, DE 19801
        (302) 573-6491
        (302) 573-6497 (Fax)

DATED: December 7, 2010

---

[2] The U.S. Trustee reserves her right to object at the time of confirmation to the validity of all provisions related to releases, injunctions and exculpation as any such objection would properly constitute confirmation objections, not disclosure objections.