# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ADVANTA CORP, *et al.*,[1] | ) | Case No. 09-13931 (KJC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

Re: Docket Nos. 978 & 981

Objection Deadline: TBD
Hearing Date: TBD

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER SHORTENING NOTICE WITH RESPECT TO THE COMMITTEE'S EXPEDITED MOTION FOR AN ORDER, PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE, (A) TERMINATING THE DEBTORS' EXCLUSIVITY PERIODS, AND (B) AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PROPOSE AND SOLICIT ACCEPTANCES TO A CHAPTER 11 PLAN FILED WITH THE OBJECTION TO THE DEBTORS' <u>MOTION TO EXTEND EXCLUSIVITY</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") hereby moves for entry of an order pursuant to Rules 2002 and 6006 of the Federal Rules of Bankruptcy Procedure (as amended, the "<u>Bankruptcy Rules</u>") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the

---

[1] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Advanta Corp. (2070), Advanta Investment Corp. (5627), Advanta Business Services Holding Corp. (4047), Advanta Business Services Corp. (3786), Advanta Shared Services Corp. (7074), Advanta Service Corp. (5625), Advanta Advertising Inc. (0186), Advantennis Corp. (2355), Advanta Mortgage Holding Company (5221), Advanta Auto Finance Corporation (6077), Advanta Mortgage Corp. USA (2654), Advanta Finance Corp. (8991), Advanta Ventures Inc. (5127), BE Corp., f/k/a BizEquity Corp. (8960), ideablob Corp. (0726), Advanta Credit Card Receivables Corp. (7955), Great Expectations International Inc. (0440), Great Expectations Franchise Corp. (3326), and Great Expectations Management Corp. (3328). Advanta Ventures Inc., BizEquity Corp., Ideablob Corp. and Advanta Credit Card Receivables Corp. commenced their chapter 11 cases on November 20, 2009. All other Debtors commenced their chapter 11 cases on November 8, 2009.

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed thereto in the Committee's Objection to the Debtors' Motion to Extend Exclusivity.

"Local Rules") (i) approving the form and manner of notice of the Committee's Expedited Motion for an Order, Pursuant to Section 1121(d) of the Bankruptcy Code (a) Terminating the Debtors' Exclusivity Periods and (b) Authorizing the Committee to Propose and Solicit Acceptances to a Chapter 11 Plan (the "Motion to Terminate"), filed with the Committee's Objection to the Debtors' Motion to Extend Exclusivity (the "Objection"), which Motion to Terminate and Objection were filed contemporaneously with this motion, on December 7, 2010; (ii) permitting the parties to file and serve objections to the Motion to Terminate through and including a date and time to be determined by the Court (the "Objection Deadline")[3]; and (iii) allowing this motion to be heard at the December 16, 2010 omnibus hearing (the "Hearing") (altogether, the "Motion to Shorten"). For the reasons set forth herein, the Committee believes that the prompt consideration of the Motion to Terminate is necessary and appropriate, and respectfully requests that the Court enter an order shortening notice with respect to the Motion to Terminate and permitting the Motion to Terminate to be heard at the Hearing, in substantially the same form as the proposed order attached hereto as Exhibit A. In support of this Motion to Shorten, the Committee respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction to consider this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[3] The Debtors' reply deadline with respect to the Objection is 4:00 p.m. on December 13, 2010.

## RELIEF REQUESTED

2.  By way of this Motion to Shorten, the Committee respectfully requests that the Court enter an order (i) shortening notice pursuant to Bankruptcy Rules 2002 and 6006 and Local Rule 9006-1(e) with respect to the Motion to Terminate; (ii) permitting parties to file and serve objections to the Motion to Terminate, if any, through and including the Objection Deadline; (iii) allowing the Motion to Terminate to be heard on an expedited basis at the Hearing; and (iv) granting such other and further relief to the Committee as the Court deems appropriate.

3.  Local Rule 9006-1(c) requires that "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days and an additional three (3) days if service is by mail; prior to the hearing date," unless the Bankruptcy Rules or Local Rules state otherwise. Local Rule 2004-1 provides, in relevant part, that "[a]ll such motions shall be accompanied by a notice of motion setting forth (A) an objection, response or answer deadline not less than seven (7) days from service of the motion and (B) the date, time and place of the hearing. Such objection, response or answer deadline shall be no less than seventy-two (72) hours prior to the hearing."

4.  The next omnibus hearing date in these cases is currently set for December 16, 2010. On November 2, 2010, the Debtors filed their proposed Plan and Disclosure Statement without the support of the Committee. [D.I. 895, 896.].

5.  On the same day, the Debtors also filed their *Motion for an Order (I) Approving the Proposed Disclosure Statement, (II) Approving Notice and Objection Procedures for the Disclosure Statement Hearing, (III) Establishing Solicitation and Voting Procedures, (IV) Scheduling a Confirmation Hearing, and (V) Establishing Notice and Objection Procedures for*

*Confirmation of the Proposed Plan* (the "Disclosure Statement Approval Motion"). [D.I. 899.] On November 5, 2010, the Debtors filed their *Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement* [D.I. 903] (the "Exclusivity Motion"), again without the support of the Committee.

6. The Disclosure Statement Approval Motion sets the Disclosure Statement hearing for December 16, 2010, with objections being due by December 7, 2010. As described more fully in the Motion to Terminate, the Committee believes that termination of exclusivity is necessary to move these Chapter 11 cases forward in an effective and efficient manner, and to protect the interests of creditors. The Committee believes the Debtors have abdicated their duties to creditors, and are improperly using exclusivity as a tool in an attempt to pressure creditors to accept a Plan that promotes the interests of insiders to the detriment of creditors. The Committee believes that the most efficient way to reach a resolution of this case is to have the Motion to Terminate heard contemporaneously with the Debtors' Exclusivity Motion and Disclosure Statement Approval Motion. As such, the Committee respectfully requests that this Court hear the Motion to Shorten at the Hearing so that the Committee's Motion to Terminate may also be heard at the Hearing.

## NOTICE

7. Notice of this Motion to Shorten has been given via CM/ECF to: (i) counsel for the Debtors; (ii) the Office of the United States Trustee for the District of Delaware; and (iii) all parties that have filed and not withdrawn requests for notices pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtor submits that no further notice need be given.

## NO PRIOR REQUEST

8. No previous application for the specific relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, approving the shortened notice period requested herein and the form, manner and sufficiency of notice of the Motion to Terminate, and granting such other and further relief as may be just and proper.

Dated: December 7, 2010
       Wilmington, Delaware

Respectfully Submitted,

**DRINKER BIDDLE & REATH LLP**

/s/ Howard A. Cohen
Howard A. Cohen (DE 4082)
1100 N. Market Street, Suite 1000
Wilmington, DE 19801
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

- and -

**LATHAM & WATKINS LLP**
Mitchell A. Seider (admitted *pro hac vice*)
Roger G. Schwartz (admitted *pro hac vice*)
Robert J. Malionek (admitted *pro hac vice*)
Adam J. Goldberg (admitted *pro hac vice*)
Catherine M. Martin (admitted *pro hac vice*)
Aaron M. Singer (admitted *pro hac vice*)
885 Third Avenue, Suite 1000
New York, NY 10003
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

Counsel to the Official Committee of
Unsecured Creditors

# **EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ADVANTA CORP, *et al.*,[1] | ) | Case No. 09-13931 (KJC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

Re: Docket No. _____

**ORDER SHORTENING NOTICE WITH RESPECT TO THE COMMITTEE'S EXPEDITED MOTION FOR AN ORDER, PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE, (A) TERMINATING THE DEBTORS' EXCLUSIVITY PERIODS, AND (B) AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PROPOSE AND SOLICIT ACCEPTANCES TO A CHAPTER 11 PLAN FILED WITH THE OBJECTION TO THE DEBTORS' <u>MOTION TO EXTEND EXCLUSIVITY</u>**

THIS MATTER having been brought before the Court by way of the Motion to Shorten[2] of the Official Committee of Unsecured Creditors (the "<u>Committee</u>") seeking entry of an order pursuant to Rules 2002 and 6006 of the Federal Rules of Bankruptcy Procedure (as amended, the "<u>Bankruptcy Rules</u>") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") (i) approving the form and manner of notice of the Committee's Expedited Motion for an Order, Pursuant to Section 1121(d) of the Bankruptcy Code (a) Terminating the Debtors'

---

[1] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Advanta Corp. (2070), Advanta Investment Corp. (5627), Advanta Business Services Holding Corp. (4047), Advanta Business Services Corp. (3786), Advanta Shared Services Corp. (7074), Advanta Service Corp. (5625), Advanta Advertising Inc. (0186), Advantennis Corp. (2355), Advanta Mortgage Holding Company (5221), Advanta Auto Finance Corporation (6077), Advanta Mortgage Corp. USA (2654), Advanta Finance Corp. (8991), Advanta Ventures Inc. (5127), BE Corp., f/k/a BizEquity Corp. (8960), ideablob Corp. (0726), Advanta Credit Card Receivables Corp. (7955), Great Expectations International Inc. (0440), Great Expectations Franchise Corp. (3326), and Great Expectations Management Corp. (3328). Advanta Ventures Inc., BizEquity Corp., Ideablob Corp. and Advanta Credit Card Receivables Corp. commenced their chapter 11 cases on November 20, 2009. All other Debtors commenced their chapter 11 cases on November 8, 2009.

[2] Capitalized terms, such as this one, used herein and not otherwise defined shall have the meanings ascribed thereto in the Motion to Shorten.

Exclusivity Periods and (b) Authorizing the Committee to Propose and Solicit Acceptances to a Chapter 11 Plan (the "Motion to Terminate"), filed with the Committee's Objection to the Debtors' Motion to Extend Exclusivity (the "Objection"), which Motion to Terminate and Objection were filed contemporaneously with this motion, on December 7, 2010; (ii) permitting the parties to file and serve objections to the Motion to Terminate through and including a date and time determined by the Court (the "Objection Deadline"); and (iii) allowing the Motion to Terminate to be heard at the December 16, 2010 omnibus hearing (the "Hearing"); the Court having considered the Motion to Shorten; the Court finding that (a) the Court has jurisdiction over the Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334 and (b) the Motion to Shorten is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion to Shorten establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby **ORDERED**:

1. That the Motion to Shorten is GRANTED;

2. On or before December [ ], 2010, the Committee shall serve a copy of this Order together with the underlying notice of the Motion to Terminate by CM/ECF, overnight or hand delivery upon the notice parties;

3. That service of this order and the notice of hearing with respect to the underlying Motion to Terminate upon the parties set forth in the paragraph above by CM/ECF, overnight or hand delivery and upon all other parties having requested notice by the CM/ECF system shall be deemed good and sufficient notice and such further notice be and is hereby excused;

4. That the Motion to Terminate will be heard before the Honorable Kevin J. Carey on December 16, 2010 as part of the omnibus hearing held that day;

5. That any objection or response to the relief requested in the Motion to Terminate may be asserted up to and through December [ ], 2010 at ___:00 _.m. (ET);

6. That this Order shall be effective and enforceable immediately upon entry; and

7. That this Court retains jurisdiction to interpret, implement and enforce the provisions of this Order.

Dated: December ____, 2010

                                                     THE HONORABLE KEVIN J. CAREY
                                                   CHIEF UNITED STATES BANKRUPTCY JUDGE