# ORIGINAL

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
*In re* : Chapter 11
:
ADVANTA CORP., *et al.*, : Case No. 09-13931 (KJC)
:
Debtors.[1] : (Jointly Administered)
:
---------------------------------------------------------------x  Re: Docket Nos. 903, 978, 981, 984,
988, 999, 1006

## ORDER PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE FURTHER EXTENDING DEBTORS' EXCLUSIVE PERIODS FOR FILING A CHAPTER 11 PLAN AND SOLICITING ACCEPTANCES THEREOF

Upon the motion, dated November 4, 2010 (the "*Motion*"), of Advanta Corp. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "*Debtors*"), pursuant to section 1121(d) of title 11 of the United States Code (the "*Bankruptcy Code*"), for an order further extending the exclusive period during which the Debtors may file a chapter 11 plan (the "*Plan Period*") and the period during which the Debtors may solicit acceptances thereof (the "*Solicitation Period*," and together with the Filing Period, the "*Exclusive Periods*"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Advanta Corp. (2070), Advanta Investment Corp. (5627), Advanta Business Services Holding Corp. (4047), Advanta Business Services Corp. (3786), Advanta Shared Services Corp. (7074), Advanta Service Corp. (5625), Advanta Advertising Inc. (0186), Advantennis Corp. (2355), Advanta Mortgage Holding Company (5221), Advanta Auto Finance Corporation (6077), Advanta Mortgage Corp. USA (2654), Advanta Finance Corp. (8991), Advanta Ventures Inc. (5127), BE Corp. (8960), ideablob Corp. (0726), Advanta Credit Card Receivables Corp. (7955), Great Expectations International Inc. (0440), Great Expectations Franchise Corp. (3326), and Great Expectations Management Corp. (3328).

RLF1 3737377V. 1

therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties;[2] and the Court having reviewed and considered the Motion, all objections thereto (collectively, the "*Objections*"), and the Debtors' response to the Objections [Docket No. 1006] (the "*Response*"); and the Court having held a hearing on, *inter alia*, the Motion, the Objections and the Response on December 16, 2010 (the "*Hearing*"); and the Court having considered the statements of counsel at the Hearing; and the Court having determined that the relief requested by the Motion is in the best interests of the Debtors, their creditors and their estates; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is

ORDERED that the Motion is GRANTED and any Objections which have not been withdrawn or otherwise resolved are OVERRULED; and it is further

ORDERED pursuant to section 1121(d) of the Bankruptcy Code, each Debtor's Plan Period is extended through and including January 5, 2011; and it is further

ORDERED pursuant to section 1121(d) of the Bankruptcy Code, each Debtor's Solicitation Period is extended through and including March 4, 2011; and it is further

ORDERED that the extension of the Exclusive Periods granted herein is without prejudice to the Debtors seeking a further extension of the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code and is without prejudice to any party in

---

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

RLF1 3737377v. 1

interest, including the Committee, contesting such further request or seeking to terminate any Exclusive Period prior to the extended dates set forth herein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: December 16, 2010
       Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE