UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
ADVANTA CORP., et al.,                                      :    Case No. 09-13931 (KJC)
                                                            :
              Debtors.[1]                                   :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

# FOURTEENTH MONTHLY APPLICATION OF WEIL, GOTSHAL & MANGES LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM JANUARY 1, 2011 THROUGH JANUARY 31, 2011

---

[1] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Advanta Corp. (2070), Advanta Investment Corp. (5627), Advanta Business Services Holding Corp. (4047), Advanta Business Services Corp. (3786), Advanta Shared Services Corp. (7074), Advanta Service Corp. (5625), Advanta Advertising Inc. (0186), Advantennis Corp. (2355), Advanta Mortgage Holding Company (5221), Advanta Auto Finance Corporation (6077), Advanta Mortgage Corp. USA (2654), Advanta Finance Corp. (8991), Advanta Ventures Inc. (5127), BE Corp. (8960), ideablob Corp. (0726), Advanta Credit Card Receivables Corp. (7955), Great Expectations International Inc. (0440), Great Expectations Franchise Corp. (3326), and Great Expectations Management Corp. (3328). Additional information regarding the Debtors' businesses and the background relating to events leading up to these chapter 11 cases can be found in (i) the Declaration of William A. Rosoff in Support of the Debtors' Chapter 11 Petitions and First-Day Motions, filed on November 8, 2009 (the "*Rosoff Declaration*"), the date the majority of Debtors filed their petitions under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"), and (ii) that certain supplement thereto, filed on November 20, 2009, the date Advanta Ventures Inc., BizEquity Corp. ideablob Corp. and Advanta Credit Card Receivables Corp. filed their chapter 11 cases. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Further, in accordance with an order of this Court, the Debtors' cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

| | |
|---|---|
| Name of Applicant: | Weil, Gotshal & Manges LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | December 3, 2009 *nunc pro tunc* to November 8, 2009 |
| Period for which compensation and reimbursement are sought: | January 1, 2011 through January 31, 2011 |
| Amount of compensation sought for allowance as actual, reasonable, and necessary: | $325,631.00 (80% is $260,504.80) |
| Amount of expense reimbursement sought for allowance as actual, reasonable, and necessary: | $2,133.76 |

This is a(n): _X_ monthly ___ interim ___ final application

**Prior Applications Filed:**
First Monthly Application: November 8, 2009- December 31, 2010 [Docket No. 345]
Second Monthly Application: January 1, 2010- January 31, 2010 [Docket No. 449]
Third Monthly Application: February 1, 2010- February 28, 2010 [Docket No. 502]
Fourth Monthly Application: March 1, 2010- March 31, 2010 [Docket No. 518]
Interim Application for Compensation: November 8, 2009 to March 31, 2010 (Amended) [Docket No. 532]
Fifth Monthly Application: April 1, 2010- April 30, 2010 [Docket No. 626]
Sixth Monthly Application: May 1, 2010- May 31, 2010 [Docket No. 654]
Seventh Monthly Application: June 1, 2010 - June 30, 2010 [Docket No. 786]
Eighth Monthly Application: July 1, 2010 – July 31, 2010 [Docket No. 806]
Second Interim Fee Application for Compensation: April 1, 2010 to July 31, 2020 [Docket No. 809]
Ninth Monthly Application: August 1, 2010- August 31, 2010 [Docket No. 892]
Tenth Monthly Application: September 1, 2010- September 30, 2010 [Docket No. 929]
Eleventh Monthly Application: October 1, 2010- October 31, 2010 [Docket No. 1096]
Twelfth Monthly Application: November 1, 2010- November 30, 2010 [Docket No. 1102]
Third Interim Fee Application for Compensation: August 1, 2010-November 30, 2010 [Docket No. 1103]
Thirteenth Monthly Application: December 1, 2010- December 31, 2010 [Docket No. 1194]

# COMPENSATION BY PROFESSIONAL
## JANUARY 1, 2011 THROUGH JANUARY 31, 2011

| NAME OF PROFESSIONAL PERSON | DEPARTMENT AND YEAR ADMITTED[2]<br><br>Year of Obtaining License to Practice, Area of Expertise | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| **Partner/ of Counsel** | | | | |
| Gregory Hull | LR-1973 | $760.00 | 2.00 | $1,520.00 |
| Simeon Gold | CORP - 1974 | $1,075.00 | 16.50 | $17,737.50 |
| Marcia L. Goldstein | BFR - 1976 | $1,075.00 | 23.30 | $25,047.50 |
| Stuart J. Goldring | TAX - 1984 | $1,075.00 | 9.00 | $9,675.00 |
| Robert J. Lemons | BFR - 2001 | $850.00 | 42.50 | $36,125.00 |
| **Total Partners and Counsel** | | | 93.30 | $90,105.00 |
| **Associate** | | | | |
| Vaughan Petherbridge | CORP – 2001 | $740.00 | 29.20 | $21,608.00 |
| Max A. Goodman | TAX – 2004 | $740.00 | 10.20 | $7,548.00 |
| Victoria Vron | BFR – 2004 | $720.00 | 81.00 | $58,320.00 |
| Patricia Wencelblat | LR- 2006 | $685.00 | 8.70 | $5,959.50 |
| Joshua Pohl | TAX- 2007 | $645.00 | 1.20 | $774.00 |
| David N. Griffiths | BFR – 2007 | $600.00 | 46.60 | $27,960.00 |
| Debora Hoehne | BFR – 2008 | $600.00 | 43.70 | $26,220.00 |
| Peter J. McRae | CORP-2009 | $560.00 | 39.10 | $21,896.00 |
| Jennifer N. Ganesh | BFR – 2010 | $560.00 | 90.30 | $50,568.00 |
| **Total Associates** | | | 350.00 | $220,853.50 |
| **Paralegals, Clerks, Library Staff, and Other Non-Legal Staff:** | | | | |
| Sean P. Devaney | CORP | $230.00 | 24.70 | $5,681.00 |
| Priya K. Ghodasara | BFR | $175.00 | 20.50 | $3,587.50 |
| Mel C. Maravilla | CORP | $280.00 | 19.30 | $5,404.00 |
| **Total Paraprofessionals** | | | 64.50 | $14,672.50 |

| PROFESSIONALS<br><br>TOTALS: | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Counsel | | 93.30 | $90,105.00 |
| Associates | | 350.00 | $220,853.50 |
| Paraprofessionals | | 64.50 | $14,672.50 |
| **Blended Professional/ Paraprofeessional Rate** | $641.26 | | |
| **Total Fees Incurred** | | 507.80 | $325,631.00 |

---

[2] BFR – Business Finance & Restructuring, CORP – Corporate, LR – Litigation/Regulatory, TAX – Tax.

# COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD JANUARY 1, 2011 THROUGH JANUARY 31, 2011

| TASK CODE | PROJECT DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 002 | Asset Dispositions / 363 Sales | 3.40 | $2,499.00 |
| 004 | Bar Date Motion and Claims Reconciliation Issues | 13.20 | $7,392.00 |
| 005 | Case Administration | 5.30 | $927.50 |
| 007 | Committee Issues/Meetings/Communications | 0.50 | $425.00 |
| 009 | Customer/Vendor/Creditor Issues | 15.30 | $8,956.00 |
| 011 | Employee / ERISA / Benefits Issues | 2.30 | $2,282.50 |
| 012 | Exclusivity | 1.40 | $1,347.50 |
| 014 | General Business Operations | 16.70 | $14,064.50 |
| 016 | General Corporate Issues / Corporate Governance | 58.10 | $41,624.00 |
| 018 | Insurance & Workers Comp Issues | 1.60 | $1,032.00 |
| 023 | Plan of Reorganization / Disclosure Statement / Solicitation / Voting | 317.40 | $212,356.50 |
| 024 | Real Property/Contract/365 Issues | 0.10 | $60.00 |
| 026 | Retention/ Fee Applications / Billing: Weil | 42.60 | $18,748.00 |
| 029 | Schedules/ Statement of Financial Affairs MOR's | 23.30 | $7,870.00 |
| 030 | Tax Issues | 5.80 | $5,598.50 |
| 032 | Utility Issues | 0.80 | $448.00 |
| | **TOTAL** | **507.80** | **$325,631.00** |

## EXPENSE SUMMARY FOR THE PERIOD
## JANUARY 1, 2011 THROUGH JANUARY 31, 2011

| EXPENSES | AMOUNTS |
|---|---|
| Local Transportation | $94.72 |
| Meals | $609.43 |
| Duplicating & Document Scanning | $341.20 |
| Service Fees – Edgar Filings | $210.00 |
| Computerized Research | $279.79 |
| Travel | $283.00 |
| Clipping Service | $85.00 |
| Taxi Service | $219.21 |
| Postage | $1.05 |
| Air Courier/Express Mail | $10.36 |
| **Total Expenses Requested:** | **$2,133.76** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------x
                                             :
In re                                        :    Chapter 11
                                             :
ADVANTA CORP., et al.,                       :    Case No. 09-13931 (KJC)
                                             :
         Debtors.                            :    (Jointly Administered)
                                             :
------------------------------------------------------------x
```

**FOURTEENTH MONTHLY APPLICATION OF WEIL, GOTSHAL & MANGES LLP
FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND FOR REIMBURSEMENT OF EXPENSES INCURRED AS
COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION
<u>FOR THE PERIOD FROM JANUARY 1, 2011 THROUGH JANUARY 31, 2011</u>**

Pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 issued by the Executive Office for United States Trustees (the "*Guidelines*"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 125] (the "*Interim Compensation Order*"), Weil, Gotshal & Manges LLP ("*Weil*") hereby files this Fourteenth Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Period from January 1, 2011 through January 31, 2011 (the "*Application*"). By this Application, Weil seeks allowance of $325,631.00 for compensation and $2,133.76 for reimbursement of actual and necessary expenses incurred for the period January 1, 2011 through January 31, 2011 (the

"*Compensation Period*").[3] In support of this Application, Weil respectfully represents as follows:

## Preliminary Statement

1.  Through the efforts of Weil professionals and paraprofessionals, the debtors in the above captioned cases (the "*Debtors*") have worked to stabilize their business, preserve value, mitigate claims, institute procedures to streamline the chapter 11 process, develop a chapter 11 plan to wind down their affairs, and solicit acceptances on such plan. Over the course of January 2011, Weil, among other things, (i) worked with the Debtors to preserve the value for their estates; (ii) advised the Debtors on various matters related to their operations in chapter 11; (iii) negotiated revisions to the Chapter 11 Plan (the "*Proposed Plan*"); (iv) solicited votes on the Proposed Plan; and (v) performed all of the other professional services described in this Application.

## Background

2.  On November 8, 2009 (the "*Commencement Date*"), the majority of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3.  Pursuant to the Order Authorizing the Employment and Retention of Weil, Gotshal & Manges LLP as Attorneys for the Debtors, *Nunc Pro Tunc* to the Commencement Date [Docket No. 104] (the "*Retention Order*"), Weil was retained as counsel to the Debtors effective as of the Commencement Date and was authorized to be paid in accordance with the Order Implementing Certain Procedures for the Interim Compensation and Reimbursement of Professionals [Docket No. 102] (the "*Interim Compensation Order*") and the Order Appointing

---

[3] Pursuant to the Interim Compensation Order, at this time Weil seeks payment of only 80% of the total compensation for the Compensation Period, totaling $260,504.80, and 100% of the expenses incurred during the Compensation Period in the amount of $2,133.76.

Fee Auditor and Establishing Related Procedures Concerning the Payment of Compensation and Reimbursement of Expenses of Professionals and Members of Official Committees and Consideration of Fee Applications [Docket No. 249] (the "*Fee Auditor Order*"). The Retention Order authorized Weil to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 330 and 331 of the Bankruptcy Code.

4. Similarly, by order dated December 3, 2009 [Docket No. 103], the Court approved the employment and retention of Richards, Layton & Finger, P.A. ("*RL&F*") as co-counsel for the Debtors. Weil and RL&F have divided responsibilities regarding representation of the Debtors and have made every effort to avoid or minimize unnecessary duplication of efforts in these chapter 11 cases.

### Summary of Professional Compensation and Reimbursement of Expenses Requested

5. All services for which compensation is requested by Weil were performed for or on behalf of the Debtors.

6. During the period covered by this Application, Weil has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Weil and any other person other than the members of Weil for the sharing of compensation to be received for services rendered in these cases.

7. The fees charged by Weil in these cases are billed in accordance with Weil's existing billing rates and procedures in effect during the Compensation Period. The rates Weil charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases are the same rates Weil charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters. Such fees are reasonable based on the customary

compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

8.  Weil maintains computerized records of the time spent by all Weil attorneys and paraprofessionals in connection with its representation of the Debtors. Subject to redaction where necessary to preserve the attorney-client privilege, annexed hereto as *Exhibit A* are copies of Weil's itemized time records for professionals and paraprofessionals who performed services for the Debtors during the Compensation Period. All entries itemized in Weil's time records comply with the requirements set forth in Local Rule 2016-2 and the Guidelines, including the use of separate work codes for different project types, as hereinafter described.

9.  Itemized records of expenses incurred by Weil during the Compensation Period are attached hereto as *Exhibit B*. All entries itemized in Weil's expense records comply with the requirements set forth in Local Rule 2016-2 and the Guidelines.

## Summary of Services by Project

10. The following is a summary of the significant professional services rendered by Weil during the Compensation Period. This summary is organized in accordance with the internal system of work codes set up by Weil at the outset of these chapter 11 cases. These categories are generally described below, with a more detailed identification of the actual services provided set forth on *Exhibit A*. The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in *Exhibit A*. Only those work codes for which five (5) or more hours of work was performed during the Compensation Period are listed below.

a.  <u>Bar Date Motion and Claims Reconciliation Issues (Task Code 004)</u>
    Fees: $7,392.00; Hours 13.20

Relates to (i) analyzing severance claims; (ii) review of proofs of claim and communications with Debtors and Debtors' other professionals regarding the same; and (iii) preparation of omnibus claims objections.

b.  <u>Case Administration (Task Code 005)</u>
    Fees: $927.50; Hours: 5.30

Includes attending to day-to-day administration of the chapter 11 cases, including preparing and circulating the docket and maintaining the case calendar.

c.  <u>Customer/ Vendor/ Creditor Issues (Task Code 009)</u>
    Fees: $8,956.00; Hours: 15.30

Relates to communications with creditors regarding various inquiries including questions about the solicitation of votes for the Debtors' Proposed Plan.

d.  <u>General Business Operations</u>
    Fees: 14,064.50; Hours: 16.70

Relates to communications with Debtors and Debtors' other professionals regarding business operations, including the Debtors' interest in the Bank of America Partnership.

e.  <u>General Corporate Issues / Corporate Governance (Task Code 016)</u>
    Fees: $41,624.00 Hours: 58.10
    Includes (i) preparing and filing SEC Form 8-Ks, and (ii) addressing general corporate issues.

f.  <u>Plan of Reorganization/Disclosure Statement/Solicitation/Voting (Task Code 023)</u>
    Fees: $212,356.50; Hours: 317.40

Includes (i) internal communications with Debtors and Debtors' other professionals, and communications and negotiations with professionals for the Creditors' Committee, regarding revisions to the Proposed Plan; (ii) communications with the Debtors'

solicitation agent, Garden City Group, regarding the solicitation process and preparation of materials related to the same; (iii) preparing Confirmation related documents such as the proposed Confirmation Order, and the Confirmation Brief and the related declarations; and (iv) negotiating and preparing plan supplement documents, including trust agreements, revised organizational documents and Schedules 8.1 and 8.7 to the Proposed Plan.

   g. <u>Retention / Fee Applications / Billing: WGM (Task Code 026)</u>
     Fees: $18,748.00; Hours: 42.60

Includes (i) preparation and review of Weil's October and November monthly billing statements for compliance with Local Rules and U.S. Trustee guidelines and preparation of the fee applications related to the same; and (ii) preparation of Weil, Gotshal & Manges LLP's Third Interim Fee Application.

   h. <u>Schedules / Statement of Financial Affairs / MORs (Task Code 029)</u>
     Fees: $7,870.00; Hours: 23.30

Includes (i) review of the Debtors' December monthly operating report; and (ii) communications with A&M regarding the same.

   i. <u>Tax Issues (Task Code 030)</u>
     Fees: $5,598.50; Hours: 5.80

Relates to reviewing and evaluating various tax considerations.

   11. The foregoing professional services performed by Weil were (a) necessary and appropriate to the administration of the Debtors' chapter 11 cases, (b) in the best interests of the Debtors and their estates, and (c) provided without unnecessary duplication of effort or expense incurred by professionals and paraprofessionals employed by RL&F.

   12. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. The professional services were performed with expedition and in an efficient manner.

13. A significant percentage of services performed by members, counsel, and associates of Weil were rendered by the Business Finance and Restructuring Department. Weil has a preeminent practice in this area and enjoys a national reputation for its expertise in financial reorganizations and restructurings of troubled entities, with approximately 80 attorneys specializing in this area of law. Weil has been actively involved in major chapter 11 cases, and currently represents or has represented, among others, the following debtors: General Motors Corporation; Lehman Brothers Holdings Inc.; Enron Corp.; Pilgrim's Pride Corporation; BearingPoint, Inc.; SemGroup L.P.; Extended Stay Inc.; Magna Entertainment Group; Finlay Enterprises, Inc.; LandSource Communities Development LLC; Vertis Holdings, Inc.; PRC, LLC; Charys Holding Co., Inc. and Crochet & Borel Services, Inc.; Sharper Image Corporation; Silicon Graphics, Inc.; Atkins Nutritionals, Inc.; Footstar, Inc.; New World Pasta Company; Parmalat USA Corp.; Loral Space & Communications Ltd.; TL Administration Corporation; Republic Engineered Product Holdings; WestPoint Stevens Inc.; Worldcom, Inc.; and Adelphia Business Solutions, Inc. As a consequence, Weil brings to these cases a high level of expertise and experience that inures to the benefit of the Debtors and all parties in interest.

14. Professional services performed by Weil on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 507.80 recorded hours by Weil's members, counsel, associates, and paraprofessionals. Of the aggregate time expended, 93.30 recorded hours were expended by partners and counsel of Weil, 350.00 recorded hours were expended by associates, and 64.50 recorded hours were expended by paraprofessionals of Weil.

15. During the Compensation Period, Weil's hourly billing rates for professionals ranged from $160 to $990 per hour. Allowance of compensation in the amount requested would result in a blended hourly rate for professionals of approximately $641.26

(based on 507.80 recorded hours at Weil's regular billing rates in effect at the time of the performance of services).[4]

### Actual and Necessary Disbursements of Weil

16. Annexed hereto as *Exhibit B* are WGM's itemized records detailing expenses incurred on behalf of the Debtors during the Compensation Period. Weil requests allowance of actual and necessary expenses incurred by Weil during the Compensation Period in the aggregate amount of $2,133.76.

17. Weil's disbursement policies pass through out of pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine. For example, with respect to duplication charges, Weil will charge $.10 per page because the actual cost is difficult to determine. Similarly, as it relates to computerized research, Weil believes that it does not make a profit on that service as a whole although the cost of any particular search is difficult to ascertain. Other reimbursable expenses (whether the service is performed by Weil in-house or through a third party vendor) include, but are not limited to, facsimiles, toll calls, overtime, overtime meals, deliveries, court costs, cost of food at meetings, transcript fees, travel, clerk fees, and document review services. Notably, Weil charges all of its clients $1.00/page for out-going facsimile transmissions and does not charge its clients for incoming facsimile transmissions.

### Reservation

18. To the extent time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, or Weil has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred

---

[4] The blended professional rate was calculated by dividing total professional compensation of $325,631.00 by total

during the Compensation Period, Weil reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## Notice

19. No trustee or examiner has been appointed in these chapter 11 cases. Pursuant to the Interim Compensation Order and the Fee Auditor Order, notice of this Application will be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) Warren H. Smith & Associates, P.C., as the fee auditor appointed in these chapter 11 cases; and (iii) counsel to the Creditors' Committee. The Debtors respectfully submit that no further notice of this Application is required.

---

professional hours billed of 507.80.

## Conclusion

WHEREFORE Weil respectfully requests (i) allowance of compensation for professional services rendered to the Debtors during the Compensation Period in the amount of $325,631.00 (80% of which equals $260,504.80) and reimbursement for actual and necessary costs and expenses incurred by Weil during the Compensation Period in the amount of $2,133.76, for a total of $327,764.76 (ii) that, in accordance with the Interim Compensation Order, the Court direct the Debtors to pay Weil $262,638.56 representing 80% of the total amount of fees and 100% of the expenses allowed, (iii) that the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Weil's right to seek such further compensation for the full value of services performed and expenses incurred, and (iv) that the Court grant Weil such other and further relief as is just.

Dated: March 2, 2011
       Wilmington, Delaware

                                 Marcia L. Goldstein
                                 Robert J. Lemons
                                 WEIL, GOTSHAL & MANGES LLP
                                 767 Fifth Avenue
                                 New York, NY 10153
                                 Telephone: (212) 310-8000
                                 Facsimile: (212) 310-8007

                                 ATTORNEYS FOR
                                 DEBTORS AND DEBTORS IN
                                 POSSESSION

# VERIFICATION

STATE OF NEW YORK      )
                       ) SS:
COUNTY OF NEW YORK     )

Robert J. Lemons, after being duly sworn according to law, deposes and says as follows:

(a) I am a member with the applicant firm, Weil, Gotshal & Manges LLP, and have been admitted *pro hac vice* to appear before this Court.

(b) I have personally performed many of the legal services rendered by Weil, Gotshal & Manges LLP, as counsel to the Debtors,[1] and am thoroughly familiar with the other work performed on behalf of the Debtors by the lawyers in the firm.

(c) I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed the applicable section of the Bankruptcy Rules, Local Rule 2016-2, and the Guidelines, and submit that the Application substantially complies with such rule.

Robert J. Lemons, Esq.

SWORN TO AND SUBSCRIBED
before me this 2th day of March, 2011.

Notary Public
My Commission Expires: 2011

ANDREA WILMER
Notary Public, State of New York
No. 01WI6172356
Qualified in Kings County
Commission Expires August 6, 2011

---

[1] Capitalized terms not defined herein have the meaning ascribed to such terms in the Application.