**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | x | Chapter 11 |
| | : | |
| **ADVANTA CORP., et al.**,[1] | : | Case No. 09-13931 (KJC) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | x | |

**Hearing Date: February 25. 2019 at 11:30 a.m. (ET)**
**Objection Deadline: February 18, 2019 at 4:00 p.m. (ET)**

**MOTION UNDER 11 U.S.C. §§ 105(a) AND 350(a), FED. R. BANKR. P. 3022 AND DEL. BANKR. LR 3022-1 FOR ORDER AND FINAL DECREE CLOSING THE CHAPTER 11 CASES OF ADVANTA CORP.**

Pursuant to 11 U.S.C. §§ 105(a) and 350(a), Fed. R. Bankr. P. 3022 and Del. Bankr. LR 3002-1, FTI Consulting, Inc. as the Trustee (the "**Trustee**") for the AC Trust and the Advanta Trust established under the Debtors' Joint Plan Under Chapter 11 of the Bankruptcy Code (as modified, the "**Plan**"), by and through its counsel, Latham & Watkins, LLP and Drinker Biddle & Reath, LLP, hereby moves for an order and final decree, substantially in the form attached hereto as Exhibit "A", closing the bankruptcy case of Advanta Corp. whose estate has been fully administered, pursuant to section and 350(a) of Title 11 of the United States Code, 11 U.S.C.§§101, et seq. (the "**Bankruptcy Code**") and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3022-1 of the Local Rules of Bankruptcy Practice

[1] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, were Advanta Corp. (2070) ("Advanta"), Advanta Investment Corp. (5627), Advanta Business Services Holding Corp. (4047), Advanta Business Services Corp. (3786), Advanta Shared Services Corp. (7074), Advanta Service Corp. (5625), Advanta Advertising Inc. (0186), Advantennis Corp. (2355), Advanta Mortgage Holding Company (5221), Advanta Auto Finance Corporation (6077), Advanta Mortgage Corp. USA (2654), Advanta Finance Corp. (8991), Advanta Ventures Inc. (5127), BE Corp. (8960), ideablob Corp. (0726), Advanta Credit Card Receivables Corp. (7955), Great Expectations International Inc. (0440), Great Expectations Franchise Corp. (3326), and Great Expectations Management Corp. (3328).

and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (the "Motion"). In support of the Motion, the Trustee respectfully states as follows:[2]

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Article XI of the Plan. This is a "core" proceeding pursuant to, without limitation, 28 U.S.C. §§ 157(b)(2)(A) and (0). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On November 8, 2009, Advanta Corp. and certain other Debtors filed their respective petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). On November 20, 2009, the remaining Debtors filed their respective chapter 11 cases.

3. On November 2, 2010, the Debtors filed the Disclosure Statement with the Bankruptcy Court, and on December 17, 2010, the Bankruptcy Court entered the Disclosure Statement Order approving the Disclosure Statement, as modified. On February 11, 2011, the Bankruptcy Court entered the Confirmation Order confirming the Plan. The effective date occurred on February 28, 2011 (the "**Effective Date**"), and the Plan (as modified on February 28, 2011) was substantially consummated.

4. In accordance with the Plan, and pursuant to the Liquidating Trust Agreements, seven (7) Liquidating Trusts were established on the Effective Date. The Liquidating Trusts received their respective Liquidating Trust Assets on the Effective Date. Since that time, the Liquidating Trustee has, and continues, to fulfill its obligations in furtherance of and consistent

[2] Nothing contained in this Motion shall be construed or deemed to alter or amend the terms of the Plan.

with the purpose of the Liquidating Trusts and the Plan. Among other things, the Liquidating Trustee has held and managed the respective Liquidating Trust Assets, made significant distributions to certain holders of Beneficial Interests in the Liquidating Trusts, reviewed, investigated, reconciled, and objected, as necessary, to Claims, filed tax and regulatory forms, returns, reports, and other financial information required with respect to the Liquidating Trusts, and otherwise taken all action to implement the Plan.

5. In early September 2016, the Liquidating Trustee made a significant distribution of: (i) 28.5 cents on the dollar to holders of Allowed Subordinated Note Claims and (ii) 11.6 cents on the dollar to the holders of Allowed General Unsecured Claims ("**GUC**"). In December 2018, the Liquidating Trustee made a sixth and final distribution of: (i) 1.2 cents on the dollar to holders of Allowed Subordinated Note claims, bringing the total case-to-date recovery up to 29.7 cents on the dollar, and (ii) 0.5 cents on the dollar to the holders of Allowed GUC, bringing the total case-to-date GUC recovery up to 71.4 cents on the dollar. This sixth and final distribution followed prior distributions by the Liquidating Trustee that resulted in payment in full of the Investment Note Claims and RediReserve Certificate Claims.

6. On June 6, 2011, December 18, 2012, and December 30, 2013, at the request of the Liquidating Trustee, the Bankruptcy Court entered certain orders and final decrees closing the bankruptcy cases of the following Debtors, respectively:

| **Debtor** | **Case Number** |
|---|---|
| Advanta Investment Corp. | 09-13942 (KJC) |
| Advanta Business Services Holding Corp. | 09-13935 (KJC) |
| Advanta Auto Finance Corporation | 09-13939 (KJC) |
| Advanta Business Services Corp. | 09-13933 (KJC) |
| Advanta Finance Corp. | 09-13944 (KJC) |
| Advanta Advertising Inc. | 09-13943 (KJC) |
| Advanta Mortgage Corp. USA | 09-13937 (KJC) |
| Advanta Mortgage Holding Company | 09-13938 (KJC) |
| Advanta Services Corp. | 09-13932 (KJC) |

| | |
|---|---|
| Advanta Shared Services Corp. | 09-13934 (KJC) |
| Advanta Ventures Inc. | 09-14125 (KJC) |
| Advantennis Corp. | 09-13941 (KJC) |
| BE Corp | 09-14130 (KJC) |
| ideablob Corp. | 09-14129 (KJC) |
| Advanta Credit Card Receivables Corp. | 09-14127 (KJC) |
| Great Expectations International Inc. | 09-13945 (KJC) |
| Great Expectations Franchise Corp. | 09-13936 (KJC) |
| Great Expectations Management Corp. | 09-13940 (KJC) |

Correspondingly, on December 18, 2012, the Advantennis Liquidating Trust, Advanta Auto Finance Trust, and the Advanta Finance Trust, were each dissolved, respectively. Subsequently, the ASSC Trust and the AMCUSA Trust were both dissolved. Thus, the only remaining open bankruptcy case is the lead Bankruptcy case, Advanta Corp. (Case No. 09-13931-KJC) and the only remaining Liquidating Trusts are the AC Trust and the Advanta Trust[3] (the "**Remaining Liquidating Trusts**").

7. On January 30, 2014, the Liquidating Trustee filed its Motion to Extend the Term of Certain Liquidating Trusts (Docket No. 1600). On February 20, 2014, the Court entered an order extending the terms the Liquidating Trusts through August 28, 2015 (Docket No. 1605). On February 13, 2015, the Liquidating Trustee filed its Second Motion to Extend the Term of Certain Liquidating Trusts (Docket No. 1620). On April 10, 2015, the Court entered an order extending the terms the Liquidating Trusts through February 28, 2017 (Docket No. 1628). In December 21, 2016, the Liquidating Trustee filed its Third Motion to Extend the Term of the AC Trust and the Advanta Trust (Docket No. 1659). On January 11, 2017, the Court entered an Order extending the terms of the AC Trust and Advanta Trust through February 28, 2019 (Docket No. 1663).

[3] Under the Plan these trusts are referenced to as the AC Trust and the Advanta Trust. However, as established under Delaware law these Delaware Business Trusts are formally known as the AC Liquidating Trust and the Advanta Liquidating Trust.

## RELIEF REQUESTED

8. By way of this Motion, the Trustee requests that this Court enter an order and final decree closing the Advanta Corp. chapter 11 case and authorizing dissolution of the Remaining Liquidating Trusts.

## BASIS FOR RELIEF

### A. The Administered Cases Should Be Closed

9. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case," and Bankruptcy Rule 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

10. Local Bankruptcy Rule 3022-1(a) provides:

> Upon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid. Such motion shall include a proposed final decree order that (i) orders the closing of the case and (ii) identifies in the caption and in the body of the order the case name and the case number of each case to be closed under the order.

Del. Bankr. L.R. 3022-1(a).

11. The phrase "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3022, however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

a) whether the order confirming the plan has become final;

b) whether deposits required by the plan have been distributed;

c) whether the property proposed by the plan to be transferred has been transferred;

d) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

e) whether payments under the plan have commenced; and

f) whether all motions, contested matters, and adversary proceedings have been finally resolved.

12. "Bankruptcy courts have flexibility in determining whether an estate is fully administered by considering the factors set forth in Rule 3022, along with any other relevant factors. When to enter a final decree is within the discretion of the Bankruptcy Court." *In re Omega Optical, Inc.*, 476 B.R. 157, 167 (Bankr. E.D. Pa. 2012) (internal citations omitted). This Court has adopted the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed. *In re SLI, Inc.*, 2005 Bankr. LEXIS 1322, *5 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers. Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1991)); *see also Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.") (quoting *Mold Makers*, 124 B.R. at 768-79).

13. Moreover, a bankruptcy court's "entry of a final decree is merely a perfunctory, administrative event and nothing more than a ministerial housekeeping act . . . ." *In re Greater Jacksonville Transp. Co.*, 169 B.R. 221, 224 (Bankr. M.D. Fla. 1994). A final decree does not adjudicate any rights between the parties. *In re Indian Creek Ltd. P'Ship*, 205 B.R. 609, 611 (Bankr. D. Ariz. 1997). "It is viewed as an administrative step, allowing the Clerk to physically remove the case file from its often overcrowded shelves and send it to the appropriate storage facility." *In re Beechknoll Nursing Homes*, 202 B.R. 260, 261 (Bankr. S.D. Ohio Nov. 4, 1996).

14. In this case, the Chapter 11 Case has been "fully administered" within the meaning of Bankruptcy Code section 350(a). Specifically, (a) the Confirmation Order is final and non-appealable; (b) the property proposed to be transferred to the Liquidating Trusts under

the Plan was transferred and the Liquidating Trustee has liquidated such property; (c) all claims have been reconciled and distributions have been made on account of all allowed claims; (d) the Liquidating Trustee has paid or will pay all quarterly fees due and owing to the U.S. Trustee; and (e) there are no unresolved motions, contested matters, or adversary proceedings pending in the Chapter 11 Case.

15. In accordance with Rule 3022-1(c) of the Local Rules of this Court, the Final Report will be filed on or before February 11, 2018, which is fourteen (14) days prior to the Scheduled Hearing to consider the within Motion. The administration of certain assets and liabilities of the Debtors has occurred in accordance with the provisions of the Plan and can be fully accounted for in the Final Report.

16. The Liquidating Trustee respectfully submits that the foregoing supports the entry of a final decree and an order closing the Chapter 11 Case.

## NOTICE

17. Notice of this Motion has been given by CM/ECF to (a) the Office of the United States Trustee for the District of Delaware; (b) the Internal Revenue Service; and (c) all parties who have filed requests for notice under Federal Rule of Bankruptcy Procedure 2002. (No official committees remain to be served).

## PRIOR RELIEF

18. No prior motion for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, for the reasons stated, the Trustee respectfully requests that this Court enter an order issuing a final decree (i) closing the Administered Cases and (ii) granting such other and further relief as may be just and proper.

Dated: February 4, 2019
Wilmington, Delaware

**DRINKER BIDDLE & REATH LLP**

/s/ Joseph N. Argentina, Jr.
Joseph N. Argentina, Jr. (DE No. 5453)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

- and –

Robert K. Malone *(pro hac vice)*
Marita S. Erbeck *(pro hac vice)*
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000

- and –

Roger G. Schwartz *(pro hac vice)*
**LATHAM & WATKINS LLP**
885 Third Avenue
New York, NY 10022-4834
Telephone: (212) 906-1200

Counsel for FTI Consulting, Inc., as Trustee